(No. 36853.— )

*In re* ESTATE OF EFFIE MAY ENGLISH.—(PEARL VAN CAMP, Admx., *et al.,* Appellants, *vs.* LESTER STEPHENSON, Appellee.)

*Opinion filed March 23, 1962.*

JOHN R. DEAN and JOHN A. LAMBRIGHT, both of Danville, for appellants.

ALLEN & ALLEN, of Danville, (JOHN T. ALLEN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Pearl Van Camp, administratrix of the estate of Effie May English, deceased, and Ora McGinnis, one of decedent's creditors, appeal from an order of the probate court of Vermilion County dismissing the administratrix's petition to sell real estate to pay debts. The question is whether title to the property was effectively divested by the issuance of a tax deed to defendant Lester Stephenson after the death of the decedent.

On March 24, 1958, Effie May English died intestate owning the real estate in question, a 20-acre tract improved with a frame house in which she resided. Her daughter, one of the appellants here, was the sole heir and was appointed administratrix of the estate. The real-estate taxes for the year 1957 were not paid when due and on October 14, 1958, a tax sale was held at which Stephenson purchased the property. No redemption was made and on November 17, 1960, after expiration of the period of redemption as extended, a tax deed was issued to him. The present petition, filed January 5, 1961, alleges that in the tax-deed proceedings no notice was given to creditors who had filed claims against the estate, that such creditors were necessary parties to the proceedings, and that since they were not made parties the deed was void. It is prayed that the court set aside the tax deed as a cloud upon the title and grant petitioner leave to sell the real estate to pay debts.

To reverse the order appellants make the contention, advanced for the first time on this appeal, that "the doctrine of *custodia legis* applies" and that real estate in the hands of an administrator which the administrator must sell in order to pay debts is beyond the reach of tax-sale proceedings. Not having been raised in the probate court the issue is not properly before this court for review. We have considered appellants' arguments, nevertheless, and find them to be without merit.

It is next argued that the administrator and the creditors of a decedent are "persons interested" in his real estate within the meaning of section 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1959, chap. 120, pars. 744, 747) requiring notice to be served in tax-deed proceedings upon occupants, owners and parties interested in the real estate, and that since no notice was served upon the appellants and the other creditors of the estate the county court was without jurisdiction to order issuance of the tax deed. This contention must also be rejected. An administrator takes no

interest in the land of decedent, except a naked power to sell in case the personal estate is insufficient to pay debts, and neither he nor a creditor whose claim has been allowed holds a lien upon the land. (*Meyer* v. *Meyer,* 379 Ill. 97; *Noe* v. *Moutray,* 170 Ill. 169; *Harding* v. *Le Moyne,* 114 Ill. 65.) Such persons are not "interested in the real estate," within the meaning of the provisions requiring personal notice in tax-deed proceedings. Cf. *Remer* v. *Interstate Bond Co.* 21 Ill.2d 504.

Appellants have failed to show any error, and the order of the probate court is therefore affirmed.

*Order affirmed.*