101 Ill. App.2d 1 (1968)
241 N.E.2d 641
In the Matter of the Application of the County Collector for Judgment and Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1960 and Prior Years.
On Appeal of Ella Louise Conway, as Mother and Next Friend of Dennis Conway, Vernice Marie Conway, Richard Edward Conway, and Helen Conway, Minors; and Samuel Macklin, Individually and as Executor of the Estate of Helen D. Thompson, Deceased, Petitioners-Appellants,
v.
Hawthorn, Lane and Company, Respondent-Appellee, and Petronela Srebalus, Wesley Young, Louise Young, and Exchange National Bank of Chicago, as Trustee Under Trust Agreement Dated November 15, 1965, and Known as Trust No. 18408, Illinois Federal Savings and Loan Association of Chicago, Respondents-Appellees.
Gen. No. 51,968.
Illinois Appellate Court  First District, Third Division.
October 10, 1968.
Rehearing denied November 15, 1968.
*2 *3 Benjamin A. Rasky, of Chicago, for appellants.
Allan L. Blair, A. Edmund Peterson, and Leonard Higley, of Chicago (Allan L. Blair, Leonard Higley, and Bruce M. Buyer, of counsel), for appellees.
MR. JUSTICE SCHWARTZ delivered the opinion of the court.
This is an appeal by petitioners from an order entered on October 31, 1966, dismissing their petition under section 72 of the Civil Practice Act to vacate an order entered on December 7, 1964, directing the issuance of a tax deed. Petitioners contend that because Helen Conway, the minor daughter of Ella Louise Conway, and Samuel Macklin were not given notice of the tax deed proceedings and because no guardian ad litem was appointed *4 for the minor parties to the proceedings, the tax deed order should have been vacated. The facts follow.
The property involved is located at 7217 South Perry Avenue in Chicago and is improved with a two-story brick building. It was owned by Helen Thompson and Eugene Tate as tenants in common until Mrs. Thompson died in 1959. By her will she devised a life estate in her one-half interest to Ella Conway and the remainder to Ella's children, Dennis, Vernice Marie and Richard Edward, but not the before-mentioned Helen Conway. She also bequeathed Five Dollars to Samuel Macklin and named him executor of her estate. Tate was a party to the tax proceedings, but has not appealed.
On February 5, 1962, the County Collector filed an application for a judgment and order of sale for delinquent real estate taxes on the property. The order was entered on February 16, 1962, and on March 22, 1962, the property was sold at public auction to one M. Andrew. Pursuant to section 263 of the Revenue Act the period of redemption was extended to November 30, 1964. (Ill Rev Stats, c 120, § 744 (1967).) On August 6, 1964, M. Andrew filed a petition for the issuance of a tax deed and thereafter served notice pursuant to sections 263 and 266 of the Revenue Act on all the petitioners except Helen Conway (who was not named as a child of Ella Conway in the estate of Helen Thompson) and Samuel Macklin, whom it is alleged the process server was unable to locate after diligent inquiry. On November 30, 1964, M. Andrew sold her certificate to Hawthorn, Lane and Company.
On October 18, 1966, the petitioners filed their petition under section 72 seeking to vacate the tax deed proceedings. They alleged that no notice of such proceedings had been given to Helen Conway or Samuel Macklin, that no guardian ad litem had been appointed for the four minor owners of the property, and that Hawthorn, Lane and Company, the respondent-appellee, had given a fictitious address for Macklin in order to deliberately conceal *5 notice of the proceedings from him. On October 31, 1966, on respondent's motion the court dismissed the petition.
[1] In a long line of cases the Illinois Supreme Court has repeatedly held that in a tax deed proceeding section 72 may not be used to put in issue for the second time questions previously passed upon in the original proceedings, except where the record establishes a prima facie case of fraud. Cherin v. The R. & C. Co., 11 Ill.2d 447, 143 NE2d 235; Southmoor Bank & Trust Co. v. Willis, 15 Ill.2d 388, 155 NE2d 308; Young v. Madden, 20 Ill.2d 506, 170 NE2d 551; Dahlke v. Hawthorne, Lane & Co., 36 Ill.2d 241, 222 NE2d 465; Zeve v. Levy, 37 Ill.2d 404, 226 NE2d 620. In the instant case the trial court expressly found that all notices required by law had been given and that Hawthorn, Lane and Company had complied with the required provisions. The sole issue for our determination therefore is whether the tax deed was procured by fraud.
[2] The only allegation of fraud made in the petition is the failure to procure personal service on Samuel Macklin. In their brief the petitioners contend that the affidavits of the process servers show that they did not make due and diligent inquiry to ascertain the correct address of Macklin and that such action amounts to fraud. One of the process servers testified at the tax deed proceedings that he had made inquiries as to Macklin's address in the neighborhood in which Macklin had once lived, that he searched the Chicago and suburban telephone directories for his address and that after that proved unsuccessful, he had mailed a notice to Macklin by registered mail. That testimony remains unchallenged. The mere fact that respondent's agent could have made a more diligent search does not establish fraud. To prove the fraud required to sustain a petition under section 72 to vacate a tax deed order, the petitioner must establish a wrongful intent or pattern of deception. Dahlke v. Hawthorne, Lane & Co., supra; Zeve v. Levy, supra.
*6 [3, 4] It is admitted that Macklin had no interest in the subject property other than as executor of the estate of Helen Thompson. As such he was not interested in the real estate within the meaning of the provisions requiring notice in tax deed proceedings. In re Estate of English, 24 Ill.2d 357, 181 NE2d 111. The Probate Act was amended giving executors a new interest in the real property of an estate, but that change only affects estates of persons dying after July 1, 1965. Ill Rev Stats c 3, §§ 209-210, 219a, 225 (1967). It is also admitted that personal service was had on Eugene Tate, owner of a one-half interest in the property, Ella Conway and her husband, the three minors who were listed in the estate of Helen Thompson as the children of Ella Conway, Serenia Booth, a tenant in the building, and the Cook County Department of Welfare. It is not credible that those, the most interested parties, would be notified and the proceedings be fraudulently concealed from Macklin.
[5] Petitioners also contend that it was error to proceed to trial until it appeared of record that a guardian ad litem had been appointed for the minors. None of the cases cited by petitioners in support of their contention were actions brought under the Revenue Act. By its enactment of section 266 of the Revenue Act of 1939 the legislature intended to render tax titles incontestable except by direct attack, unless the circumstances were such as to warrant the application of section 72 of the Civil Practice Act or unless the order directing the issuance of the deed was utterly void. Shapiro v. Hruby, 21 Ill.2d 353, 172 NE2d 775; Stanley v. Bank of Marion, 23 Ill.2d 414, 178 NE2d 367; Freisinger v. Interstate Bond Co., 24 Ill.2d 37, 179 NE2d 608.
[6] To warrant the application of section 72 in a tax proceeding, the petitioner must allege and prove fraud. Dahlke v. Hawthorne, Lane & Co., 36 Ill.2d 241, 222 NE2d 465; Zeve v. Levy, 37 Ill.2d 404, 226 NE2d 620. No fraud was shown in the instant case. If the petition is to be *7 sustained it must be on the ground that failure to appoint a guardian ad litem rendered the order void.
[7, 8] An order is rendered void not by reason of mere error or impropriety, but by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties. People v. O'Keefe, 18 Ill.2d 386, 164 NE2d 5; Farlow v. Oliver, 29 Ill.2d 493, 194 NE2d 262. A tax deed proceeding is against the land, and from that the respondent argues that the minors are technically not necessary parties to the proceeding and hence their competency is immaterial to jurisdiction. In Urban v. Lois, Inc., 29 Ill.2d 542, 194 NE2d 294, the court said (p 546):
"We turn first to the basic question of jurisdiction and the office of section 72. We think it clear that the entire tax-sale proceeding is one in rem rather than in personam. (People ex rel. Astle v. Chicago and Eastern Illinois Railway Co., 315 Ill. 536, 539; People ex rel. Thaxton v. Coal Belt Electric Railway Co., 311 Ill. 29, 33.) It is the jurisdiction over the land itself, acquired in the original application for judgment and order of sale that gives to the county court the power to act. (Shapiro v. Hruby, 21 Ill.2d 353, 358; Cherin v. The R. & C. Company, 11 Ill.2d 447, 454.)"
In Hanberg v. Morgan, 263 Ill. 616, 105 NE 720, the Supreme Court held that the failure to appoint a guardian ad litem for a minor in an inheritance tax case "was a mere irregularity and would not subject the order of the county judge to collateral attack." That was done notwithstanding the fact that the appointment of a guardian ad litem is required under the inheritance tax statute. Ill Rev Stats, c 120, § 400 (1967). Such is not the case with respect to a tax deed proceeding brought under the Revenue Act of 1939. That act contains no requirement that a guardian ad litem be appointed for a minor and therefore a fortiori the failure to appoint a guardian in *8 the instant case would not subject the tax deed order to collateral attack.
The trial court properly dismissed the petition to vacate the tax deed order and the judgment is accordingly affirmed.
Judgment affirmed.
DEMPSEY, P.J. and SULLIVAN, J., concur.