163 Ill. App.3d 461 (1987)
516 N.E.2d 736
In re APPLICATION OF THE COUNTY COLLECTOR (La Salle Street Acquisitions I Petition for Tax Deed, Petitioner-Appellant,
v.
Dorothy Caldwell, Respondent-Appellee).
No. 86-2128.
Illinois Appellate Court  First District (5th Division).
Opinion filed November 13, 1987.
Rehearing denied December 21, 1987.
*462 David L. Goldstein, of Harris & Goldstein, of Chicago, for appellant.
Steven A. Salzman, of Schmidt & Salzman, Ltd., and Aaron Spivack, both of Chicago, for appellee.
Judgment affirmed.
JUSTICE MURRAY delivered the opinion of the court:
Petitioner La Salle Street Acquisitions I (La Salle) appeals from the denial of a petition and application for a tax deed to a parcel of vacant real estate located at 2336 North Greenview in Chicago, Illinois. Respondent Dorothy Caldwell, the only heir of the property's deceased legal title holder and the administrator of the estate, filed a motion to strike and dismiss the petition and application on the ground that the administrator of the estate was entitled to notices under sections 263 and 266 of the Illinois Revenue Act of 1939. (Ill. Rev. Stat. 1983, ch. 120, pars. 744, 747.) Since Caldwell resides in Florida, an Illinois resident was appointed agent for the express purpose of service of process.
The trial court denied La Salle's petition for a deed on the basis of lack of due diligence and noncompliance with the notice requirements. After denial of its motion for reconsideration, La Salle appealed. We affirm the trial court for the following reasons.
The property owner, Billie Jean Gore, died intestate in January 1974. Caldwell was appointed estate administrator and a resident agent was designated. The estate remained open throughout the relevant proceedings. On February 4, 1983, La Salle purchased a certificate at a sale of the subject real property for the nonpayment of 1981 taxes and paid the 1978 through 1980 real estate taxes. La Salle mailed a notice of the proceeding, certified return receipt, to Caldwell in Florida but the notice went unclaimed. No notice was served on the resident agent in Illinois. La Salle also published a notice addressed to unknown owners on three successive occasions in the Chicago Daily Law Bulletin. La Salle asserts that it had no knowledge of the probate proceedings or of the death of the legal owner until after the period of redemption expired on February 4, 1985.
The Revenue Act requires that a notice of the purchase be served upon the "owners and parties interested in the real estate," and also provides for service by publication if upon a diligent inquiry the owner or owners cannot be found. (Ill. Rev. Stat. 1983, ch. 120, par. 744.) In its appeal, La Salle contends that neither the relevant provisions of *463 the Revenue Act nor the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110 1/2, par. 20-1) requires personal notice of a tax deed proceeding on an estate administrator. It also contends that it exercised due diligence in searching for the parties entitled to notice.
La Salle relies on In re Estate of English (1962), 24 Ill.2d 357, 181 N.E.2d 111, for the proposition that an administrator is not a party in interest entitled to personal notice of a tax proceeding. However, as Caldwell points out, English was decided prior to 1966 amendments to the Probate Act. Section 20-1 of the Probate Act states, in part:
"(a) * * * (E)very representative shall take possession * * * of all real estate of the decedent during the period of administration and, while retaining possession, (1) shall collect the rents and earnings therefrom, (2) shall keep in tenantable repair the buildings and fixtures, (3) shall pay the taxes, mortgages and other liens thereon in accordance with their terms, * * * (6) may make all reasonable expenditures necessary to preserve the real estate." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110 1/2, par. 20-1.
Prior to this amendment, no interest in real property of a decedent vested in the estate administrator except the mere power to sell if the personal estate was insufficient to pay debts. This interest was held inadequate to entitle the administrator to notice within meaning of the provisions of the Illinois revenue laws requiring personal notice in tax deed proceedings. (In re Estate of English (1962), 24 Ill.2d 357, 181 N.E.2d 111.) However, subsequent to amendment of the Probate Act, administrators of estates of individuals who died after July 1, 1966, do have an interest in the real estate over and above the power to sell to pay debts.
The newly created interests to collect rents, make repairs, pay taxes, etc. gave personal representatives a sufficient interest in the real property so as to entitle them to notice of tax proceedings. In applying English in the matter of notice in a tax deed case involving the estate of an individual who died before July 1, 1965, the court noted in In re Application of County Collector (1968), 101 Ill. App.2d 1, 6, 241 N.E.2d 641, 644, that "[t]he Probate Act was amended giving executors a new interest in the real property of an estate but that change only affects estates of persons dying after July 1, 1965." This new legal possessory interest was held to be sufficient to entitle an executor to maintain an action for possession while the estate remained open. Lescher v. Barker (1978), 57 Ill. App.3d 776, 373 N.E.2d 1007.
*464 If, since 1966, an executor has a possessory interest sufficient to maintain an action for possession, she certainly has such an interest to entitle her (or her appointed agent) to notice of a pending tax deed proceeding as a party interested in the real estate pursuant to the pertinent provisions of the Illinois Revenue Act. Ill. Rev. Stat. 1983, ch. 120, pars. 744, 747.
In light of our conclusion that estate administrators are legally entitled to notices of a tax deed proceeding, the issue of due diligence is irrelevant to the facts of this case. Notice by publication is authorized only to those owners and interested parties who, upon diligent inquiry, cannot be found and personally served. (Ill. Rev. Stat. 1983, ch. 120, pars. 744, 747.) La Salle admits that after notices to Caldwell as assessor were returned unclaimed, it conducted no search of probate or other records which would have disclosed the existence of an estate administrator and her registered agent. Pursuant to the English holding, La Salle did not consider an administrator to be an interested party in the real estate. Therefore, no effort was made to serve the agent.
For the above reasons, we affirm the trial court's decision in granting Caldwell's motion to dismiss La Salle's application for a tax deed.
Affirmed.
SULLIVAN, P.J., and LORENZ, J., concur.