*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1985 AND PRIOR YEARS (D.S. Associates, Petitioner-Appellant, v. Associates Finance, Inc., *et al.*, Respondents-Appellees).

First District (6th Division)   No. 1—90—0803

Opinion filed March 28, 1991.

Joel Ostrow, of Chicago (Richard D. Glickman, of counsel), for appellant.

Arvey, Hodes, Costello & Burman, of Chicago (Donald F. Spak, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, D.S. Associates, appeals from an order of the circuit court granting summary judgment to respondents, Associates Finance, Inc., and Legear and Sullivan, trustees, and denying its petition for tax deed for failure to strictly comply with the notice provisions of section 263 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 744). The precise issue on appeal is whether a tax deed purchaser must attempt to personally serve the property owner before notice by publication is authorized under the Revenue Act.

The facts in this case are not in dispute. On June 2, 1987, Dewey Suster, d/b/a D.S. Associates Inc., purchased property improved with a single-family home for $527 at the county's annual tax sale for delinquent 1985 real estate taxes. The property is located at 114 Linden

in Bellwood, Illinois, and is owned by Jesse and Mildred Stiff. Respondents, Associates Finance, the mortgage holder, and the trustees are also interested parties. A certificate of purchase was issued to petitioner.

On April 11, 1989, petitioner filed a petition for a tax deed in the circuit court of Cook County alleging that the taxes had not been redeemed and that the period of redemption would expire on September 7, 1989. Petitioner then caused the sheriff to serve Associates Finance, Sullivan and Legear with notice on May 18, May 16, and April 13, 1989, respectively. The sheriff served Jesse Stiff personally on April 19, 1989.

At issue in this case is the notice to Mildred Stiff. Petitioner published statutory notice in the Chicago Daily Law Bulletin on April 13, 14 and 17, 1989. The sheriff's return of service indicates that the sheriff unsuccessfully attempted personal service on Mildred Stiff twice: first, on the afternoon of April 17, and again on April 19. The return states that Jesse Stiff told the sheriff that Mildred moved three years before. The sheriff sent notice to Mildred by certified mail which was returned unclaimed on May 1, 1989.

Dewey Suster testified at his deposition that he and his agents inspected the property twice during 1988 and learned from a voting list that Jesse and Mildred Stiff were the registered voters at that address. On April 11, 1989, Suster filed the petition for tax deed, placed the order for publication with the Law Bulletin and then went to the sheriff's office and placed service. After he learned that the sheriff's return of service on Mildred was returned not found, he went to the property on a weekday afternoon in late April or early May to try to locate her. He knocked on the door and when no one answered, he left. He did not visit any adjacent buildings, or try to contact neighbors, nor did any of his agents ever attempt to contact neighbors in order to locate Mildred. Suster thereafter attempted to telephone Jesse Stiff, but the telephone number was not listed. He made no other attempts to locate Mildred and never personally served her.

The property was not redeemed from the tax sale during the statutory period and on September 20, 1989, petitioner applied to the circuit court for an order for the issuance of the tax deed pursuant to section 266 of the Revenue Act. (Ill. Rev. Stat. 1987, ch. 120, par. 747.) Pursuant to Circuit Court Rule 10.3(b)(6), petitioner presented the affidavit of its attorney to prove compliance with statutory requirements. In his affidavit, the attorney stated that he "gave or caused to be given" the required notice to interested parties and owners and that he "visited or caused to be visited" the property prior to

the expiration of the redemption period. The affidavit also indicated that he tried to locate Mildred Stiff by "inquiry of persons residing in the vicinity of the property."

The attorney stated at Suster's deposition that he did not become involved in this case until several days before he signed the affidavit and that Suster sent the notices and visited the property. Petitioner subsequently filed an amended affidavit signed by Suster which was substantially the same as the original affidavit.

Respondents thereafter moved for summary judgment on the following grounds: (1) the application contained a false affidavit; (2) the notice contained defective language; and (3) petitioner improperly served Mildred Stiff by publishing before attempting personal service.

Relying on *Burton v. Perry* (1893), 146 Ill. 71, 34 N.E. 60, the trial court granted summary judgment to respondents on the ground that petitioner published prior to attempted service and thus did not strictly comply with the statutory requirements. The court found the false affidavit issue moot and the notice proper.

The dispositive issue on appeal is whether section 263 of the Revenue Act authorizes constructive service of the statutory notice upon a property owner by publication before personal or substituted service is attempted. Section 263 provides in pertinent part:

"The purchaser or assignee shall give the above notice by causing it to be served by a sheriff *** of the county in which the real property, or any part thereof, is located upon owners who reside on any part of the real estate sold by leaving a copy of the notice with such owners personally.

Such notice shall be served upon all other owners and parties interested in the real estate sold, if upon diligent inquiry they can be found in the county, and upon the occupants of the real estate [by personal or substituted service.]
***

If any owner or party interested upon diligent inquiry and effort cannot be found and served with notice as herein provided in the county, then the person making the service shall send a copy of the notice by registered or certified mail, return receipt requested, to such party at his residence, if ascertainable. If the real estate is located in a municipality in a county with a population under 2,000,000, such purchaser or assignee shall also publish a notice as to such owner or party interested, in some newspaper published in the municipality. If the real estate is not in such municipality, or if no newspaper is published therein, or if the real estate is in a county with a population of

2,000,000 or more, then the notice shall be published in some newspaper in the county." Ill. Rev. Stat. 1987, ch. 120, par. 744.

■■ Under our reading of the statute and cases interpreting its notice requirements, the statute authorizes service by mail and publication only after tax buyer makes "diligent inquiry and effort" to find the owner and fails. Moreover, tax buyer must strictly comply with the notice requirements. *In re Application of Cook County Collector* (1981), 100 Ill. App. 3d 178, 426 N.E.2d 947 (*Ohr v. Prairie*).

Like the trial court, we find *Burton v. Perry* dispositive of this issue. In *Burton*, the tax buyer purchased the subject property at a tax deed sale in August 1879. The required statutory notice was published on May 19, 20 and 21, 1881, and the first attempt to serve owner was made on May 21, after notice had already been published twice. Our supreme court found the deed void because tax purchaser did not make a diligent inquiry before publication was made. The court stated:

"The making of diligent inquiry, and the failure to find as a result thereof, must precede the publication. *** The statute does not contemplate, that the purchaser shall first publish his notices, and then afterwards make diligent inquiry. *** The statute does not permit the holder of the tax certificate to postpone his diligent inquiry, until after he has published his notice. The publication in such case has no legal foundation to rest upon, because it is not justified or authorized until there has first been diligent inquiry resulting in a failure to find." (*Burton v. Perry*, 146 Ill. at 121-22, 34 N.E. at 74.)

The court concluded that the tax deed was void because the affidavits did not show that publication was preceded by a diligent inquiry to find the owner.

Petitioner contends that the *Burton* case is "irrelevant law" because the current statute differs significantly from that applicable in 1893. We disagree. The relevant statute in *Burton* required the tax buyer to serve notice on every person in actual possession or occupancy; in addition, it required service on the person in whose name the property was taxed, owners and interested persons if "upon diligent inquiry" they could be found in the county. The statute described the contents of the notice, then provided as follows:

"If no person is in possession or occupancy of such land or lot and the person, in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, or the owners of, or parties interested in said land or

lot, upon diligent inquiry, cannot be found in the county, then such person, or his assignee, shall publish such notice in some news-paper printed in such county, *** which notice shall be inserted three times, the first not more than five months, and the last time not less than three months, before the time of redemption shall expire." Ill. Rev. Stat. 1880, ch. 20, par. 216.

We find this notice provision almost identical to that in section 263. The two statutes differ primarily in that the modern statute requires service by registered or certified mail in addition to publication when interested parties cannot be found after diligent inquiry and effort. Petitioner unpersuasively argues that the current statute differs because it authorizes registered or certified mail as an additional type of effective service. The current act, however, authorizes service by mail in conjunction with publication as an alternative to personal service and only after tax buyer's diligent effort and failure to locate and serve interested parties. Indeed, petitioner's reading of the statute would require publication even when personal service is made.

■ Petitioner also suggests that the language "shall also publish" in the modern statute demonstrates that the order of attempted service and publication is not important. Petitioner's interpretation, however, plainly misconstrues the statute. The language "shall also" refers to notice by mail; that is, the buyer must serve notice by mail and "shall also" publish notice. The statute does not dictate whether mail or publication must occur first, but expressly requires both. The statute, however, authorizes such alternate service only after making a diligent attempt at personal service, just as the statute in *Burton* only authorized publication after a diligent attempt at personal service. Contrary to petitioner's assertions, the differences between the two statutes are minor and do not allow us to disregard *Burton*.

Indeed, this court in *In re Application of County Treasurer* (1975), 32 Ill. App. 3d 161, 336 N.E.2d 167 (*Ohr v. Hoffman*), cited *Burton* with approval. In *Hoffman*, the tax buyer unsuccessfully attempted personal service on the owner at his office on December 5, 1972. The statutory notice was published on December 7, 8 and 11, 1972. After the first publication, buyer made five failed attempts to serve owner at his office, then sent a certified letter. This court reversed the trial court's issuance of a tax deed and remanded, concluding that "the single attempt to serve [the owner] in his office when his residence *was ascertainable was not the diligent inquiry and effort required by the Revenue Act before he could be served by publication.*" (Emphasis added.) (*Hoffman*, 32 Ill. App. 3d at 165, 336 N.E.2d at 170.) The court wrote, citing *Burton*: "The Revenue Act does not

permit the holder of a tax certificate to postpone his diligent inquiry concerning a tax payer until after he has published his notice." (*Hoffman*, 32 Ill. App. 3d at 165, 336 N.E.2d at 170.) Although, as petitioner points out, the specific issue in *Hoffman* is whether buyer displayed diligence in service, not whether publication may properly precede attempted service, the court's language unmistakably indicates its understanding that diligent inquiry must precede publication.

Other recent cases, while not precisely addressing this issue, support this interpretation of the statute's notice requirements. (*In re Application of the County Collector* (1987), 163 Ill. App. 3d 461, 516 N.E.2d 736 (*La Salle Street v. Caldwell*); *In re Application of the County Collector* (1971), 2 Ill. App. 3d 737, 277 N.E.2d 532 (*Cruikshank v. Burroughs*).) In *La Salle*, the issue on appeal was whether a nonresident estate administrator was entitled to notice of pending tax deed proceedings. After concluding that estate administrators are entitled to notice, this court found that although buyer published notice, he made no effort to serve agent. The court stated: "Notice by publication is authorized only to those owners and interested parties who, upon diligent inquiry, cannot be found and personally served." *La Salle*, 163 Ill. App. 3d at 464, 516 N.E.2d at 737.

In *Cruikshank*, this court described the exercise of due diligence as a "condition precedent" to service by mail and publication. In that case, the tax buyer made five unsuccessful attempts to serve the owner, then sent notice by certified mail, which owner's wife signed. The trial court found that buyer did not exercise diligence in serving notice personally and thus denied its request for tax deed. This court affirmed, finding that notice by certified mail and publication was not proper because buyer "failed to comply with the *condition precedent* thereto namely the exercise of due diligence in serving the notice personally." (Emphasis added.) (*Cruikshank*, 2 Ill. App. 3d at 742, 277 N.E.2d at 535-36.) The court's reference to due diligence as a "condition precedent" to publication supports our view that the statute requires attempted service before it authorizes notice by certified mail and publication.

■ Petitioner argues that by both publishing and attempting to serve, regardless of the order, it strictly complied with the statute's notice requirements. We disagree. The mandatory notice provisions are designed to provide actual notice of the right of redemption pursuant to the constitutional mandate for reasonable notice in tax deed cases. (Ill. Const. 1970, art. IX, §8(c).) Constructive notice by publication is authorized by the legislature only as a last resort, if upon dili-

gent inquiry and effort, owners and interested parties cannot be found and served.

■■ ■ Moreover, the General Assembly's amendment, effective in 1970, which requires strict compliance with the notice provisions (Ill. Rev. Stat. 1987, ch. 120, par. 747), demonstrates its recognition that great injury and sacrifice may result from the forfeiture of one's property rights. This court, in interpreting the strict compliance requirement in *In re Application of Cook County Collector* (1981), 100 Ill. App. 3d 178, 426 N.E.2d 947 (*Ohr v. Prairie Material Sales, Inc.*), held that tax buyer failed to strictly comply with the notice requirements when the notice, although otherwise proper, referred to the wrong municipality. The court assumed prejudice to respondent without regard to whether the defective notice actually misled respondent. If an interested party who receives timely and otherwise proper notice, although with a minor error, is assumed to be prejudiced by the notice, Mildred Stiff, who never received actual notice of the proceedings either personally or by certified mail, was also prejudiced. Under *Prairie Material Sales,* petitioner here failed to strictly comply with the statute.

Petitioner's reliance on *Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407, 459 N.E.2d 966, is misplaced. In *Rosewell,* the issue was whether mortgagees and other interested parties were entitled to the same notice before a tax sale as assessees, that is, notice by mail. We do not believe that the dicta quoted by petitioner out of context contradicts our conclusion.

■■ We thus conclude that section 263 requires attempted personal service before publication is authorized. Under these circumstances, where one of the owners never received the mandatory statutory notice, and petitioner intentionally placed notice for publication before attempting personal service, petitioner was not entitled to the issuance of a tax deed.

Petitioner additionally maintains that summary judgment was improper because the question of diligence in service was a question of fact which required an evidentiary hearing and therefore precluded summary judgment. We disagree. As we concluded above, due to petitioner's failure to strictly comply with the notice provisions, it was not entitled as a matter of law to a tax deed.

■■ ■ Summary judgment may be granted when the pleadings, depositions, admissions on file and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) The tax petition, along with Suster's deposition and affidavit,

revealed petitioner's defective notice. Suster's deposition plainly shows that statutory notice was published prior to any attempted service on Mildred Stiff. Neither the deposition nor the affidavits on file presented any evidence that prior to publication petitioner used diligent inquiry and effort to locate and serve Mildred Stiff. Nor did petitioner file an affidavit in response to respondents' request for summary judgment suggesting that additional evidence or witnesses would be presented to demonstrate such diligent inquiry prior to or even after publication. Although diligence is generally a question of fact, it was unnecessary for the trial court to reach the question of whether petitioner tried to locate Mildred Stiff with diligent efforts. Petitioner's failure to forego publication until after it made any attempt, let alone a "diligent inquiry and effort," to personally serve Mildred did not constitute strict compliance with the statute. The trial court thus properly found that petitioner was not entitled to a tax deed as a matter of law and properly granted summary judgment. Even assuming that petitioner's attempt at service on Mildred occurred prior to the publication, such single ineffective inquiry would not constitute diligent effort as a matter of law. See *Hoffman*, 32 Ill. App. 3d at 165, 336 N.E.2d at 170 (not diligent "to go to a home four times to serve a taxpayer *** but make no effort to ascertain his whereabouts)."

■ Finally, we reject petitioner's contention that we should limit summary judgment in tax deed cases because such proceedings are summary by their very nature. To the extent that the Revenue Act does not regulate matters of procedure, the Civil Practice Act applies. (Ill. Rev. Stat. 1987, ch. 110, par. 1—108(b).) While section 266 of the Revenue Act requires petitioner to prove his case, it does not preclude summary judgment denying issuance of a deed where, as here, the application discloses fatal procedural errors in serving notice.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.