*In re* APPLICATION OF COUNTY TREASURER.—(RON OHR, Petitioner-Appellee, *v.* RICHARD L. HOFFMAN, Respondent-Appellant.)

(Nos. 59508-09 cons.;

First District (2nd Division)—September 9, 1975.

*Rehearing denied October 2, 1975.*

Richard L. Hoffman, *pro se.*

Frederick S. Stein, of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is a consolidated appeal from orders entered in two tax fore-closure proceedings. In both, the trial court heard redemption protests which it struck with directions that the county clerk distribute the redemption money. The dispositive issue is whether the court erred in finding that the tax purchaser had complied with all the provisions of the Revenue Act of 1939, as amended, and would have been entitled to tax deeds if the taxpayer had not redeemed. The facts are not in dispute.

In April 1971, two parcels of vacant real estate in Chicago, owned by Richard L. Hoffman, were sold to Ron Ohr for delinquent 1969 general taxes. Under the Revenue Act, Hoffman had until April 16, 1973, to redeem his two parcels. On November 30, 1972, proceeding in accordance with the revenue laws, Ohr petitioned for tax deeds to the parcels. Hoffman then lived at 211 Hibbard Road, Wilmette, Illinois. He had an office in Room 559, 20 North Wacker Drive in Chicago. The deeds by which he took title to the parcels were on record and each contained the address of his home. Ohr's agent, when he investigated to determine the persons who had to be served the statutory notices, examined the two deeds. On December 5, 1972, the agent attempted to serve Hoffman at his Wacker Drive office. The attempt was unsuccessful.

Two days later, either Ohr or someone on his behalf ordered notice by publication be made on Hoffman. Accordingly, a newspaper in the county agreed to insert the requisite statutory notice in its issues of December 7, 8 and 11, 1972. Then, between the date of the first publication and January 9, 1973, Ohr's agent made five unsuccessful attempts to serve Hoffman in his office. On January 11, 1973, he sent Hoffman a letter by certified mail, addressed to the Wacker Drive office, and containing the copy of a notice concerning one of the tax deed petitions. On

April 16, 1973, the day on which the period of redemption was to expire, Hoffman redeemed, subject to a protest as to each petition.

In doing so, he invoked a 1971 amendment to the Revenue Act which provided that a person redeeming from a tax foreclosure, after a filing of a tax deed petition, and "* * * who desires to preserve his right to defend against such petition for any reason, * * *" could redeem under protest and be entitled to defend against issuance of a tax deed.[1] Hoffman's protests were based on the claim that Ohr, a petitioner for tax deeds, had not complied with all the provisions of the Revenue Act of 1939, as amended. At the hearing of the protests, Hoffman called a witness, testified himself, cross-examined Ohr's agent and introduced documentary evidence which disclosed his residence when Ohr filed his petitions. Testimony of the agent revealed that neither he nor Ohr made any attempt to serve Hoffman where he lived and that after one attempt to effectuate service of the statutory notice at the Wacker Drive office, three insertions of the notice of publication were ordered and later appeared in a newspaper in the county. Hoffman argued that this evidence proved Ohr had not complied with the notice provisions of the Revenue Act and, as a consequence, he was not entitled to the tax deeds. The trial court did not accept this argument. Instead, after hearing the parties, it entered an order in each petition which found that Ohr had complied with all the provisions of the Revenue Act of 1939 and would have been entitled to the tax deeds if Hoffman had not made the redemptions. Therefore, it struck the protests and directed the county clerk to distribute the redemption money on surrender by Ohr of the certificates of sale.

The amendment which allowed Hoffman to redeem under protest provided, in part, that "[u]pon a finding that there has been compliance with all of the provisions of this Act and that the petitioner would be entitled to a deed in the absence of the redemption under protest, the court shall order the protest stricken and direct the county clerk to distribute the redemption money upon surrender of the certificate of sale. Upon a finding sustaining the protest in whole or in part, the court may declare the sale to be a sale in error under either Section 260 or Section 265 [of the Revenue Act], and shall direct the county clerk to return all or a part of the redemption money or deposit to the party redeeming."[2] The language of this amendment causes us to focus on the

---

[1] See Ill. Rev. Stat. 1971, ch. 120, par. 734.

[2] Ill. Rev. Stat. 1971, ch. 120, par. 734. Section 260, to which reference is made in the amendment, has no application to a case like the one before us. See Ill. Rev. Stat. 1971, ch. 120, par. 741.

provisions of the Act with which Ohr had to comply before he was entitled to the tax deeds. One of these was section 263 which in one part mandated that "[a] purchaser or assignee shall not be entitled to a tax deed to the premises sold unless not less than 3 months nor more than 5 months prior to the expiration of the period of redemption he shall give notice of the sale and the date of expiration of the period of redemption to the owners, occupants and parties interested in the premises." [3] The notice, if one were given individual owners or interested parties, who on diligent inquiry could be found in the county, had to be served "* * * by (1) leaving a copy of the notice with such person personally or (2) by leaving a copy at his usual place of abode with some person of the family, of the age of 10 years and upwards, and informing that person of the contents thereof, provided the purchaser or assignee shall also send a copy of the notice by registered or certified mail, return receipt requested, to such party at his usual place of abode * * *." [4] In another part, the same section, before authorizing notice by publication, provides that "[i]f any owner or party interested upon diligent inquiry and effort cannot be found and served with notice as herein provided in the county, then the purchaser or assignee shall send a copy of the notice by registered or certified mail, return receipt requested, to such party at his residence, if ascertainable."

■■ From the testimony of Ohr's agent, and from the affidavit he filed in support of the petitions, it appears that no attempt was ever made to serve Hoffman at his residence. It also appears, without question, that before Ohr made the notice by publication, one unsuccessful attempt was made by the agent to serve Hoffman at his office, although his residence address was ascertainable from the deeds by which he had acquired title to the parcels involved. A tax purchaser is obliged to look at information contained in county tax and title records so that he may serve the notices required by the Revenue Act. "[H]aving the means before his eyes of ascertaining the truth, by merely looking, in regard to a fact about which it is his duty to know, if he fails to look he does not act in good faith." (*Kenney v. Glos*, 258 Ill. 555, 557, 101 N.E. 943; compare *Shockley v. Good*, 13 Ill.2d 298, 148 N.E.2d 763.) In this case, although admitting that he had examined the deeds, Ohr's agent said he did not see Hoffman's home address which they contained. Thereafter, he attempted one service on Hoffman at his office, the attempt that represents Ohr's "* * * diligent inquiry and effort * * *" before he ordered the notice by publication.

---

[3] Ill. Rev. Stat. 1971, ch. 120, par. 744.
[4] Ill. Rev. Stat. 1971, ch. 120, par. 744.

■■ Diligent inquiry is that kind of search or investigation which a diligent man, intent on ascertaining a fact, would usually and ordinarily make; it is inquiry with diligence and in good faith to ascertain the truth. (*Liepelt v. Baird,* 17 Ill.2d 428; 161 N.E.2d 854.) It is not diligent inquiry for the agent of a tax purchaser to go to a home four times to serve a taxpayer with notice of a tax deed petition but make no effort to ascertain his whereabouts. (See *In re Application of County Collector,* 2 Ill.App.3d 737, 277 N.E.2d 532.) Nor is it diligent inquiry for the agent of a tax purchaser, knowing where the taxpayer lived, to go to the latter's home only on Saturdays and Sundays in the attempt to serve notice of a tax deed petition. (See *Wright v. Glos,* 264 Ill. 261, 106 N.E. 200.) The kind of inquiry that is a predicate for substituted service of notice must precede it. The Revenue Act does not permit the holder of a tax certificate to postpone his diligent inquiry concerning a taxpayer until after he has published his notice. *Burton v. Perry,* 146 Ill. 71, 121, 34 N.E. 60.

■■ From these principles we deduce the conclusion that the single attempt to serve Hoffman in his office when his residence was ascertainable was not the diligent inquiry and effort required by the Revenue Act before he could be served by publication. Further, the letter by registered mail which Ohr's agent sent to Hoffman at his office did not comply with the statute. For these reasons, Ohr was not entitled to the tax deeds. (Compare *In re Application of County Collector,* 26 Ill.App.3d 234, 325 N.E.2d 15.) Therefore, the trial court erred in finding that Ohr had complied with all of the provisions of the Revenue Act of 1939, and would have been entitled to the tax deeds if Hoffman had not redeemed. We reverse the orders striking the protests with directions that the trial court declare the sales in error under section 266 of the Revenue Act and proceed further in accordance with section 253, as amended.[5] See *In re Application of County Collector,* 12 Ill.App.3d 12, 297 N.E.2d 213.

Reversed and remanded with directions.

DOWNING, P. J., and STAMOS, J., concur.

---

[5] See Ill. Rev. Stat. 1971, ch. 120, par. 747 and par. 734, as amended effective July 1, 1971.