*In re* APPLICATION OF THE COOK COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1987 AND PRIOR YEARS (CNA Tax Investors, Petitioner-Appellant, v. Associates Finance, Inc., *et al.*, Respondents-Appellees).

First District (1st Division) No. 1—93—0630

Opinion filed February 21, 1995.

Joel Ostrow, of Chicago (Richard D. Glickman, of counsel), for appellant.

Bruce P. Golden & Associates, of Chicago (Bruce P. Golden, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Petitioner, CNA Tax Investors (CNA), appeals the following three orders of the circuit court of Cook County: (1) an order of November 25, 1992, vacating the issuance of a tax deed for failure to properly serve notice upon agents of the respondents, Associates Finance, Inc. (AFI), and W.W. Sullivan; (2) an order of December 16, 1992, denying relief requested by CNA in its motion to reconsider the November 25, 1992, order; and (3) an order of January 21, 1993, dismissing the cause. On appeal, CNA contends that it properly complied with section 263 of the Illinois Revenue Act of 1939 (as amended) (35 ILCS 205/263 (West 1992)) (Revenue Act), in serving notice of the tax deed sale upon the respondents. For the following reasons, we affirm the judgment of the trial court.

The record reveals the following relevant facts. On February 17, 1989, CNA purchased taxes for property located at 10434 South Church Street, Chicago. On August 21, 1991, CNA petitioned the trial court for a tax deed. CNA served AFI at an address in Oak Brook Terrace, Du Page County, Illinois, and served W.W. Sullivan at an AFI office in Lombard, Du Page County, Illinois. The application for an order directing the county clerk to issue a tax deed was filed on January 30, 1992, and listed the foregoing addresses as the locations at which the respondents had been served. CNA published notice of the tax sale in the *Chicago Daily Law Bulletin* on October 9, 10, and 11, 1991.

On March 4, 1992, respondents filed an objection to the petition for issuance of tax deed, alleging that AFI had not been properly served at its registered agent in Cook County. Therein, respondents stated that their registered agent, CT Corporation System, was located in Cook County at 208 South La Salle Street, Chicago.

On March 16, 1992, the trial court conducted an evidentiary hearing in connection with CNA's petition. At the hearing, James Nitti, a CNA employee, testified that he is responsible for determining the owners and interested parties in the subject property and for preparing "take notices" to be sent out by the Cook County clerk. In this case, Nitti ordered a title search from Chicago Title Insurance Company and determined that the respondents acquired their interests by reason of a trust deed. The title search listed an address for W.W. Sullivan in Lombard, and for AFI, a post office box in Oak Forest, Illinois. Nitti stated that in order to locate the respondents,

he called telephone directory information and asked for a listing for AFI in Lombard and Oak Forest. Nitti then called a telephone number for AFI in Lombard and asked the woman who answered the telephone where he could serve a notice on W.W. Sullivan. The woman gave him two addresses, one in Lombard and one in Oak Brook Terrace. The record reveals that the woman with whom Nitti spoke was a temporary secretary.

On cross-examination, Nitti stated that in order to serve a corporation, he first determines its place of business by checking with the Secretary of State for a registered agent. Nitti admitted that he does not know the purpose of a registered agent. Nitti further admitted that, in this case, he did not call the Secretary of State, nor did he check the corporation index published by the Secretary of State to determine respondents' registered agents. Nitti stated that he did not have a Cook County address for AFI and that he did not attempt to have the notice served through the offices of the sheriff of Du Page County.

At the conclusion of the hearing, the trial court found that CNA exercised due diligence in ascertaining the parties of interest, and the whereabouts of such parties pursuant to sections 241a, 263 and 266 of the Revenue Act, and that the parties had been properly notified of the tax sale. On March 24, 1992, respondents filed a supplemental brief in objection to the petition for issuance of a tax deed, attaching the affidavit of its office manager which stated that Prentice-Hall Corporation System, Inc., located at 33 North La Salle Street, Chicago, Cook County, Illinois, acted as registered agent for service of process of AFI continuously during the period March 1, 1990, through the present date. On April 2, 1992, the trial court entered an order directing the tax deed to issue.

On April 13, 1992, respondents filed a motion to reconsider the rulings and order of the trial court. CNA filed a response, and the trial court held a hearing on the parties' motions on June 12, 1992. On November 25, 1992, the trial court issued a memorandum decision and order, finding that CNA had not made diligent inquiry to locate AFI in Cook County and vacating the tax deed order.

CNA filed a motion to reconsider the November 25, 1992, order of the trial court on December 8, 1992, and requested that the tax deed issue. The trial court granted reconsideration of the order and declined to issue the tax deed. On January 21, 1993, the parties entered into a signed stipulation agreeing that respondents owed CNA $7,500 for taxes. On that same day, the trial court ordered that the respondents pay CNA, as agreed, $7,500 in full satisfaction of this cause, as payment of unpaid real estate taxes, and related costs.

The trial court further found no just reason for delaying enforcement or appeal from the order and dismissed the cause.

CNA filed its timely notice of appeal of the above orders of the trial court on February 19, 1993.

On appeal, CNA contends that the trial court erred in vacating the tax deed order on the sole basis that CNA failed to make a diligent inquiry to locate AFI in Cook County. CNA argues that the record shows that service was proper under the Revenue Act and the relevant provisions of the Illinois Code of Civil Procedure.

■ Section 263 of the Revenue Act requires that a petitioner for a tax deed give written notice to the owners, occupants and interested parties that the property has been sold for delinquent taxes and that the redemption period will expire on the given date. (35 ILCS 205/263 (West 1992).) Additionally, section 263 requires that a tax buyer make "diligent inquiry and effort" to find and personally serve the owner "in the county," prior to publishing notice in the local newspaper. Illinois courts require strict compliance with these regulations. *In re Application of the County Collector for Judgment Order of Sale Against Lands & Lots Forfeited for Nonpayment of General Taxes & Apecial Assessments for the Year 1985 & Prior Years* (1991), 220 Ill. App. 3d 933, 938, 581 N.E.2d 367 (*Ohr v. Travelers Mortgage Services, Inc.*); *In re Application of the County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes and/ or Assessments for the Year 1985 & Prior Years* (1991), 219 Ill. App. 3d 396, 404, 579 N.E.2d 936 (*Keyway Investments, Inc. v. Minority Enterprise Real Estate Investment Trust*).

On review, this court will construe a statute independent of the trial court's determination, to ascertain and give effect to the true intent and meaning of the legislature, with the best evidence of intent being the language of the statute itself. (*Griffith v. Department of Revenue* (1994), 266 Ill. App. 3d 838, 842; *Puss N Boots, Inc. v. Mayor's License Comm'n* (1992), 232 Ill. App. 3d 984, 986, 597 N.E.2d 650, 652.) A statute must be enforced as written if it is unambiguous. *Haist v. Wei Wu* (1992), 235 Ill. App. 3d 799, 813, 601 N.E.2d 927, 936.

■ This court has defined diligent inquiry as "that kind of search or investigation which a diligent [person], intent on ascertaining a fact, would usually and ordinarily make." (*Keyway*, 219 Ill. App. 3d at 404; *In re Application of County Treasurer* (1975), 32 Ill. App. 3d 161, 165, 336 N.E.2d 167.) Because diligence is a question of fact, the trial court's determination will only be reversed if it is against the manifest weight of the evidence. *In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the*

*Year 1985 & Prior Years* (1991), 211 Ill. App. 3d 988, 996, 570 N.E.2d 769 (*D.S. Associates v. Associates Finance, Inc.*).

 In the present case, the record reveals that CNA failed to meet its burden of diligence and effort as strictly required by the statute. The record shows that Nitti, CNA's employee, did not take the usual and proper steps to determine the proper place of service for AFI and W.W. Sullivan, by, *e.g.*, inquiring of the Secretary of State. Rather, Nitti merely called telephone directory information and served the notices based on the information he received from the temporary secretary who answered the telephone. While CNA responds that service upon AFI and W.W. Sullivan was proper under section 2—204 the Code of Civil Procedure (735 ILCS 5/2—204 (West 1992)), this argument is unsupported by citation to any authority. CNA's reliance on *Aaron v. Hendrickson* (1991), 221 Ill. App. 3d 842, 582 N.E.2d 759, is misplaced, as *Aaron* is distinguishable from the present case.[1]

The Revenue Act provides that a corporation is properly served "by leaving a copy of the notice with the person designated by the Civil Practice Law." (35 ILCS 205/263 (West 1992); 735 ILCS 5/2—101 *et seq.* (West 1992).) Section 2—204 of the Code of Civil Procedure provides as follows:

> "Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals." (735 ILCS 5/2—204 (West 1992).)

To the extent that the Revenue Act does not regulate matters of procedure, the Code of Civil Procedure applies (*D.S. Associates*, 211 Ill. App. 3d at 996). Section 1—108(b) of the Code of Civil Procedure provides:

> "(b) In proceedings in which the procedure is regulated by statutes other than those contained in this Act, such other statutes control to this extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes." (735 ILCS 5/1—108(b) (West 1992).)

---

[1]CNA cites *Aaron* for the proposition, "The intent of a notice requirement is to insure that a defendant or respondent has an opportunity to be heard on the merits of a claim against it." In addressing a procedural due process issue, the *Aaron* court affirmed the constitutionality of the notice provision of the Wrongful Tree Cutting Act (Ill. Rev. Stat. 1987, ch. 96$^1$/$_2$, par. 9404).

Thus, the Revenue Act controls to regulate procedure regarding service of process. As noted above, the Revenue Act requires personal service in the proper county by means of diligent inquiry. The Revenue Act refers only to the Code of Civil Procedure to determine the proper person to be served; section 2—204 states that the proper person to serve in a corporation is its registered agent.

Here, the record shows that CNA failed to make diligent inquiry to serve respondents' registered agent in Cook County. Thus, CNA has failed to show that the trial court's determination was against the manifest weight of the evidence.

For the reasons set forth above, we therefore affirm the orders of the trial court.

Affirmed.

BUCKLEY and WOLFSON, JJ., concur.