*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST THE LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1987 AND PRIOR YEARS (D.S. Associates, Petitioner-Appellant, v. Commercial Credit Loans, Inc., Respondent-Appellee).

First District (1st Division)    No. 1—93—1086

Opinion filed February 26, 1996.

Joel Ostrow, of Chicago (Richard D. Glickman, of counsel), for appellant.

Ira T. Nevel, of Law Offices of Ira T. Nevel, of Chicago, for appellee.

JUSTICE BRADEN delivered the opinion of the court:

Petitioner, D.S. Associates, appeals from (1) an October 15, 1992, order by the circuit court of Cook County, granting summary judgment in favor of respondent, Commercial Credit Loans, Inc. (Commercial Credit); (2) a January 12, 1993, order denying petitioner's motion for reconsideration; and (3) a March 4, 1993, order vacating the trial court's December 10, 1991, order and declaring the issued tax deed null and void.

Petitioner argues that the trial court erroneously concluded that service of a take notice upon Commercial Credit was improper and that absence of fraud by the petitioner precluded Commercial Credit from receiving section 2—1401 relief. 735 ILCS 5/2—1401 (West 1994).

We affirm.

Commercial Credit, an Illinois corporation, was the holder of a mortgage dated March 23, 1988, between Joan A. Hawthorne, mortgagor, and Commercial Credit, mortgagee. This mortgage was recorded on March 24, 1988, with the Cook County recorder of deeds as document number 88122185 and was secured by a property commonly known as 11729 South Justine, Chicago, Illinois (property).

On May 3, 1991, petitioner filed a petition for a tax deed, alleging

it had purchased the taxes for the property. The record indicates that the sheriff of Cook County subsequently mailed the take notice to Commercial Credit, notifying it that the property had been sold for delinquent taxes. This notice was mailed to Commercial Credit, via certified mail, at 679 North Cass Avenue, Westmont, Illinois. This address was obtained from a copy of the mortgage for the subject property. C.M. Forster signed for the certified mailing on behalf of Commercial Credit. The record does not indicate whether C.M. Forster was an agent, employee, officer, or registered agent of Commercial Credit. Petitioner subsequently published statutory notice for three consecutive days in the Chicago Law Bulletin.

On October 25, 1991, petitioner filed an application for an order directing the county clerk to issue a tax deed. In support of its application, petitioner attached an affidavit from its attorney, Dewey D. Suster (Suster), in which he stated the following:

"Commercial Credit Loans, Inc. under Mortgage Recorded as Doc. #88122185, was not personally served with a copy of the Notice of the Expiration of the Period of Redemption by the Sheriff of Cook County Illinois inasmuch as it was not located in Cook County, Illinois."

Suster further attested:

"In lieu thereof, the Sheriff of Cook County, Illinois caused a copy of the Notice of the Expiration of the Period of Redemption to be sent within the Notice Serving Period by Certified Mail—Return Receipt Requested to Commercial Credit Loans, Inc. at 679 North Cass Avenue, Westmont, Illinois, on May 6, 1991 by Certified Mailing Number P-430-065-839."

The trial court subsequently entered an order on December 10, 1991, directing the county clerk to issue a tax deed for the property.

On March 26, 1992, Commercial Credit filed a petition under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)) to set aside the order and the tax deed issued as a result thereof. Commercial Credit subsequently filed an amended petition supported by an affidavit by Ted Koniuszyk, who swore that (1) he was an employee of Commercial Credit; (2) he was primarily responsible for the mortgage held by Commercial Credit on the subject property; (3) CT Corporation System, 208 North La Salle, Chicago, Illinois, was the registered agent for Commercial Credit; (4) CT Corporation is located in Cook County; (5) Commercial Credit received no service of any statutory notice concerning the subject tax deed proceedings; and (6) had Commercial Credit received such notice, it would have redeemed such taxes.

On October 15, 1992, the trial court granted Commercial Credit's

motion for summary judgment on its section 2—1401 petition, holding as follows:

> "D.S. Associates failed to conduct a diligent inquiry to determine whether Commercial Credit could be served within Cook County with w/Sec. 263 notice; and that the Sec. 263 notice was defective."

The trial court further held:

> "The 12/10/91 order directing issuance of tax deed is vacated and held for naught, and the tax deed issued thereby is set aside and void."

On January 13, 1993, the trial court denied petitioner's petition for reconsideration. On March 4, 1993, the trial court entered an order vacating the trial court's December 10, 1991, order and declaring the issued tax deed null and void. On March 26, 1993, petitioner filed its notice of appeal.

The first issue on appeal is whether service of a take notice by certified mail and publication, upon a private corporation, outside the county in which the property is located was appropriate under the provisions of section 263 of the Revenue Act of 1939 (35 ILCS Ann. 205/263 (Smith-Hurd 1993)). Petitioner argues that service in the case at bar was entirely proper where the sheriff of Cook County mailed the take notice to Commercial Credit via certified mail, at 679 North Cass Avenue, Westmont, Illinois, and where such mailing was followed by a subsequent publication of statutory notice for three consecutive days in the Chicago Law Bulletin.

Here, the trial court properly concluded that petitioner's section 263 notice was defective where it found that petitioner failed to conduct a diligent inquiry in determining whether Commercial Credit could be served within Cook County. As such, the trial court properly granted summary judgment.

Summary judgment shall be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (735 ILCS 5/2—1005 (West 1992).) A reviewing court may make an independent determination of the construction of a statute, ordinance, or constitutional provision and need not defer to the decision of the trial court since these are questions of law. *Monahan v. Village of Hinsdale* (1991), 210 Ill. App. 3d 985, 993, 569 N.E.2d 1182, 1188.

■ Section 263 of the Revenue Act (35 ILCS Ann. 205/263 (Smith-Hurd 1993)) authorizes service by mail and publication but only after the tax buyer makes diligent inquiry and effort to find the owner and fails. (*In re Application of the County Collector for Judgment & Order*

*of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1985 & Prior Years* (1991), 211 Ill. App. 3d 988, 992, 570 N.E.2d 769, 771.) A tax buyer must strictly comply with the notice requirements. (*In re Application of Cook County Collector* (1981), 100 Ill. App. 3d 178, 426 N.E.2d 947.) Section 263 states in pertinent part as follows:

> "*The purchaser or assignee shall give the above notice* by causing it to be served by a sheriff (or if he is disqualified, by a coroner) of the county in which the real property, or any part thereof, is located upon owners who reside on any part of the real estate sold by leaving a copy of the notice with such owners personally.
>
> *Such notice shall be served upon all other owners and parties interested in the real estate sold, if upon diligent inquiry they can be found in the county, and upon the occupants of the real estate in the following manner:* \*\*\* as to public and private corporations, \*\*\* by leaving a copy of the notice with the person designated by the Civil Practice Law and all existing and future amendments thereto." (Emphasis added.) (35 ILCS Ann. 205/263 (Smith-Hurd 1993).)

Diligent inquiry, within the meaning of the aforementioned section, requires the tax purchaser to make "diligent inquiry" to find and serve the tax deed petition on all owners and parties interested in the real estate. Diligent inquiry is that kind of search or investigation which a diligent person, intent on ascertaining a fact, would usually and ordinarily make. *In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale Against Real Estate Returned Delinquent for the Year 1985* (1991), 216 Ill. App. 3d 162, 170, 576 N.E.2d 255, 261.

Here, the record is devoid of any evidence that petitioner initiated any search or investigation to determine whether Commercial Credit could be served in Cook County. The record indicates that petitioner merely conducted an inquiry to determine the name and address of the proper parties requiring notice. The record indicates that it ultimately obtained Commercial Credit's address from the real estate mortgage for the subject property.

■ The record is devoid of any evidence indicating that petitioner made any inquiry whatsoever to determine whether or not Commercial Credit was located in Cook County or whether Commercial Credit could be served in Cook County. The record indicates that such an inquiry would have revealed that Commercial Credit's registered agent, CT Corporation System, was located at 208 South La Salle Street, Chicago, Illinois, and that Commercial Credit could have been served within Cook County. There is no evidence that

petitioner made any other inquiry. Contrary to petitioner's assertions, the single act of procuring Commercial Credit's address from the aforementioned mortgage does not constitute the diligent inquiry and effort required by the Revenue Act. *In re Application of County Treasurer* (1975), 32 Ill. App. 3d 161, 336 N.E.2d 167.

Petitioner argues that mailing the take notice to Commercial Credit, via certified mail, combined with subsequent publication of statutory notice, constitutes proper section 263 notice. Notice by publication is authorized only to those owners and interested parties who, upon diligent inquiry, cannot be found and personally served. (*In re Application of County Treasurer*, 32 Ill. App. 3d at 165, 336 N.E.2d at 170.) The mandatory notice provisions of section 263 are designed to provide actual notice of the right of redemption pursuant to the constitutional mandate for reasonable notice in tax deed cases. Constructive notice by publication is authorized by the legislature only as a last resort, if upon diligent inquiry and effort, owners and interested parties cannot be found and served. (*In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1985 & Prior Years* (1991), 211 Ill. App. 3d 988, 992, 570 N.E.2d 769, 771.) Section 263 requires attempted personal service before publication is authorized. Here, petitioner attempted to serve notice by certified mail and publication before attempting personal service. As such, Commercial Credit never received the mandatory statutory notice.

The second issue on appeal is whether petitioner's representations to the trial court concerning service upon Commercial Credit constituted fraud, thereby satisfying the requirements for relief under section 2—1401 of the Code of Civil Procedure. (735 ILCS 5/2—1401 (West 1994).) Petitioner argues that absence of fraud on its behalf precluded the trial court from granting Commercial Credit section 2—1401 relief. Commercial Credit argues that petitioner's conduct was tantamount to fraud, asserting that petitioner did not attempt to serve Commercial Credit with statutory notice, failed to comply with the statute and appeared to misrepresent to the court that the type of service it attempted to effectuate was statutorily authorized.

■ Illinois courts have held that where an interested party petitions to vacate a judgment granting a tax deed under section 2—1401, the interested party must prove fraud, and absent fraud, the tax deeds issued are uncontestable except on direct appeal. (*In re Application of the County Treasurer & ex officio County Collector of Cook County, Illinois, for Judgment & Order of Sale Against Real Estate*

*Rendered Delinquent for the Nonpayment of 1980 Taxes* (1989), 185 Ill. App. 3d 789, 792-93, 542 N.E.2d 397, 399.) Fraud is a wrongful intent—an act calculated to deceive. (*In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 407, 405 N.E.2d 216.) However, our courts have also determined that an allegation of fraud is not always required when reviewing a property owner's right to redeem. (*In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 511-12, 405 N.E.2d 869, 873.) The general purpose of a section 2—1401 petition is to alert the court to such facts existing at the time judgment was entered that would have precluded judgment had the court known of those facts. (*In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1982 & Prior Years* (1990), 202 Ill. App. 3d 405, 410, 559 N.E.2d 1006, 1009.) The trial court's judgment may be sustained by a reviewing court on any grounds supported by the record. *In re Application of the County Treasurer & ex officio County Collector of Cook County, Illinois, for Judgment & Order of Sale Against Real Estate Rendered Delinquent for Nonpayment of 1980 Taxes* (1989), 185 Ill. App. 3d 789, 793, 542 N.E.2d 397, 399.

■ Review of the record indicates that the trial court relied on information presented in petitioner's application for an order directing the county clerk to issue a tax deed. This application contained representations by petitioner, through its attorney, that all notices required by law to be given had been given. In support of this representation, petitioner attached an affidavit in which its attorney swore that he believed that all necessary parties requiring notice had been served in accordance with the statute. From this affidavit it appears that petitioner represented to the trial court that it had satisfied the statutory notice requirements specified in section 263 of the Revenue Act.

In its ruling on the 2—1401 petition the trial court made an express finding that petitioner failed to comply with the notice requirements of section 263. Although there is no evidence of intentional deception on the part of petitioner or its attorney, it can be inferred from this order that the trial court would not have issued the tax deed had it known that petitioner had failed to conduct a diligent inquiry to determine whether Commercial Credit could be served with section 263 notice within Cook County.

For the aforementioned reasons, the trial court properly vacated the December 10, 1991, order directing issuance of the tax deed and correctly ordered the tax deed null and void.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.