ROCK ISLAND COUNTY SHERIFF, Michael Grchan, *et al.*, Plaintiffs-Appellees, v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 2025, COUNCIL 31, Defendant-Appellant.

Third District   No. 3—03—0052

Opinion filed May 20, 2003.—Rehearing denied June 17, 2003.

Melissa Auerbach (argued), of Cornfield & Feldman, of Chicago, for appellant.

Thomas F. McGuire (argued), of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellee Rock Island County Sheriff Michael Grchan.

Arthur W. Eggers (argued), of Califf & Harper, of Moline, for appellee Rock Island County.

JUSTICE SCHMIDT delivered the opinion of the court:

The issue in this case is whether a grievance alleging a violation of a provision of a public sector collective bargaining agreement is required to be arbitrated. Plaintiffs, Rock Island County Sheriff Michael Grchan and Rock Island County, Illinois (collectively, Rock Island County), filed a complaint for declaratory judgment in the circuit court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, seeking a ruling that the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2000)) allows plaintiffs to assign correctional officers the duties of dispensing medication to inmates. Defendant, American Federation of State, County and Municipal Employees, AFL-CIO, Local 2025, Council 31 (AFSCME), represents the correctional officers who are employed by the plaintiffs. AFSCME filed a motion to compel arbitration of a grievance they had previously filed protesting the assignment of dispensing controlled substances to inmates as a violation of the parties' collective bargaining agreement. In its motion, AFSCME requested that the court stay the declaratory judgment action until the grievance is decided by the arbitrator. Plaintiffs filed a motion to stay arbitration. The trial court entered an order granting the plaintiffs' motion to stay arbitration and denying AFSCME's motion to compel arbitration. AFSCME then filed a notice of interlocutory appeal. For the reasons that follow, we reverse the judgment of the trial court.

## I. BACKGROUND

AFSCME is the exclusive representative of a bargaining unit of employees that includes the correctional officers employed by the plaintiffs. The collective bargaining agreement between the parties contains a grievance procedure that includes final and binding arbitration. The collective bargaining agreement defines a grievance as "a dispute between an employee or the union and the county concerning the interpretation, application, or alleged violation of a provision of this agreement." AFSCME filed a grievance alleging that Rock Island County violated article 1, section 2, of the collective bargaining agreement by requiring correctional officers to dispense medication to inmates. Article 1, section 2, of the collective bargaining agreement provides that Rock Island County may "make and enforce reasonable rules of conduct and reasonable regulations." AFSCME notified Rock

Island County of its intent to submit this grievance to arbitration in accordance with the arbitration provisions of the collective bargaining agreement. Rock Island County refused to submit the grievance to arbitration. Then, Rock Island County filed a complaint for a declaratory judgment seeking an order from the court that the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2000)) allows the plaintiffs to assign correctional officers duties involving the distribution of medications to inmates. In response, AFSCME filed a motion to compel arbitration. Rock Island County filed a motion to stay arbitration. No evidentiary hearing was held. The trial court entered an order granting Rock Island County's motion to stay arbitration and denying AFSCME's motion to compel arbitration. The trial court found that the sole issue for resolution is whether Rock Island County's medications policy violates the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 2000)). The trial court held that this issue is not an arbitrable issue covered under the collective bargaining agreement because it is statutory in basis and therefore specifically excluded from arbitration.

## II. ANALYSIS

■ The standard of review is *de novo*. The denial of a motion to compel arbitration is analogous to a denial of injunctive relief. *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268 (1983); *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105, 473 N.E.2d 1066, 1070 (2001). Although the standard of review of an order granting or denying a motion to compel arbitration generally is whether the trial court abused its discretion (*Brooks v. Cigna Property & Casualty Cos.*, 299 Ill. App. 3d 68, 71, 700 N.E.2d 1052, 1054 (1998)), where no evidentiary hearing is held, the decision to deny a motion to compel arbitration is reviewable *de novo*. *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 496, 765 N.E.2d 1079, 1084 (2002); *Federal Signal Corp. v. SLC Technologies*, 318 Ill. App. 3d 1101, 1105-06, 743 N.E.2d 1066, 1070 (2001). Furthermore, the issues in the present case are purely questions of law. They involve the construction of several statutes and a collective bargaining agreement; therefore, the appropriate standard of review is *de novo*. *In re Application of the County Collector For Judgment & Order of Sale Against the Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1987 & Prior Years*, 278 Ill. App. 3d 168, 171, 662 N.E.2d 535, 538 (1996); *Illinois Fraternal Order of Police Labor Council v. Town of Cicero*, 301 Ill. App. 3d 323, 334, 703 N.E.2d 559, 567 (1998).

The trial court incorrectly found that the sole issue for resolution is whether the medications policy violates the Illinois Controlled

Substances Act (720 ILCS 570/100 *et seq.* (West 2000)). The trial court must have presumed that if the sheriff's job assignments were legal, they must, *ipso facto*, be in compliance with the collective bargaining agreement. Without making any comment on the merits of the grievance, we simply point out, in the words of Ira Gershwin, "It ain't necessarily so." A sheriff could order a deputy to spend his shift standing on a corner stirring a bucket of rocks. There is nothing illegal about that. However, it might very well be a violation of the collective bargaining agreement between the sheriff and his employees. The issue at this stage of the dispute is whether the collective bargaining agreement and the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)) require arbitration of the grievance. They do.

■ Since this case involves a grievance filed under the terms of a collective bargaining agreement between Rock Island County, public employers, and AFSCME, a labor organization, it is subject to the terms of the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)). Pursuant to section 8 of the Illinois Public Labor Relations Act (5 ILCS 315/8 (West 1992)), arbitration of a grievance is required unless the parties mutually agree otherwise. In *American Federation of State, County & Municipal Employees v. State*, 124 Ill. 2d 246, 254 (1988), the Illinois Supreme Court found that section 8 of the Illinois Public Labor Relations Act required all grievance disputes to be resolved by final and binding arbitration unless there is a joint agreement between the employer and the union to the contrary. Any exclusion from arbitration must be expressly stated in a contract under the Illinois Public Labor Relations Act. *Staunton Community Unit School District No. 6 v. Illinois Educational Labor Relations Board*, 200 Ill. App. 3d 370, 378, 588 N.E.2d 751, 757 (1990). In the present case, there was no such expressed exclusion; therefore, the trial court erred when it denied AFSCME's motion to compel arbitration.

We cannot and do not make any comment on the merits of the grievance. This court's opinion of the merits of the grievance is immaterial. *Fraternal Order of Police Labor Council v. Town of Cicero*, 301 Ill. App. 3d 323, 334, 703 N.E.2d 559, 566 (1998). The issue of whether the law requires arbitration must be kept separate from an analysis of the merits of the underlying claim. A court should not rule on or be influenced by the merits of the dispute. This holds true even if one party's underlying claim is frivolous. *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 568, 4 L. Ed. 2d 1403, 1407, 80 S. Ct. 1343, 1346 (1960).

## III. CONCLUSION

In conclusion, we find the trial court's decision to deny AFSCME's

motion to compel arbitration of its grievance erroneous. The Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)) requires that all grievance disputes be resolved by arbitration unless the parties mutually agree otherwise.

Therefore, this case is reversed and remanded to the circuit court of Rock Island County to compel arbitration and to issue a stay of the declaratory judgment proceedings until arbitration of AFSCME's grievance is complete.

Reversed and remanded with directions.

McDADE, P.J., and SLATER, J., concur.