837 N.E.2d 947 (2005)
361 Ill. App.3d 504
297 Ill.Dec. 496
In re the Application of the COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF McDONOUGH COUNTY, Illinois, for Order of Judgment and Sale Against Real Estate Returned Delinquent for the Non-payment *948 of General Taxes for the Year 1999 (H & H Investments, Petitioner-Appellant,
v.
Green Tree Servicing, LLC, f/k/a Conseco Finance Servicing Corporation, Respondent-Appellee).
No. 3-04-0777.
Appellate Court of Illinois, Third District.
October 28, 2005.
*949 A. Anthony Ashenhurst (argued), Westervelt, Johnson, Nicoll & Keller, LLC, Macomb, for H & H Investments.
Jennifer M. Vander Wagen, Diana A. Athanasopoulos, Catherine Norden, Pierce & Associates, P.C., James V. Noonan (argued), Noonan & Lieberman, Ltd., Chicago, for Green Tree Servicing, LLC, Conseco Finance Service Corp.
Justice LYTTON delivered the opinion of the court:
The circuit court of McDonough County entered an order directing issuance of a tax deed to petitioner H & H Investments. Two months later, respondent Green Tree Financial Servicing Corporation (Green Tree), f/k/a Conseco Finance Servicing Corporation (Conseco), filed a petition to vacate the deed, alleging that it did not have notice of the petition. The trial court granted Green Tree's petition, concluding that H & H Investments failed to fulfill the notice requirements of the Property Tax Code (35 ILCS 200/22-5 et seq. (West 2002)). We affirm.
In 1998, Roger and Judy Wilson purchased real estate located at 137 East James Drive in Macomb, Illinois. The property was mortgaged to Green Tree for $112,764, and Green Tree recorded its interest in the McDonough County recorder's office. On November 1, 1999, Green Tree changed its name to Conseco Finance Servicing Corporation.
In October of 2000, H & H Investments purchased the property pursuant to an order of judgment and sale against the real estate returned delinquent for the non-payment of 1999 general property taxes. Three years later, H & H Investments began tax deed proceedings. To confirm those parties owning or otherwise having an interest in the property, H & H Investments obtained a commitment for title insurance. The commitment was dated June 23, 2003, and revealed that Green Tree held a mortgage in the property. On July 7, 2003, H & H Investments filed a petition for the tax deed. The take notice was filed on July 11, 2003. Green Tree was served by certified mail at its address listed on the mortgage on file in the recorder's office; 332 Minnesota Street, St. Paul, Minnesota.
According to the certificate of publication, notice was also published once a week for three successive weeks in the Macomb newspaper. The certificate of publication of notice was filed on March 3, 2004, and is contained in the record on appeal. It is not verified or notarized. It was not completed by the publisher and does not include a written or printed copy of the notice as published.
The trial court entered an order directing issuance of the tax deed to petitioner. Two months later, Green Tree filed a motion to void the tax deed or, in the alternative, a petition to vacate the tax deed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)). In its petition, Green Tree claimed that it changed its name to Conseco Financing Service Corporation during the relevant service period and that Conseco did not receive timely notice of the tax deed petition.[1] Green Tree noted that the Revenue Act requires strict compliance with its notice requirements. Green Tree alleged that had the court known that Conseco had a registered agent it would have denied H & H Investments application for the tax deed.
*950 Both parties filed motions for summary judgment. H & H Investments maintained that service was proper via certified mail sent to the address contained on the mortgage and by publication. Green Tree argued that H & H Investments' failure to serve Conseco's registered agent constituted fraud as a matter of law and that the tax deed should be vacated pursuant to section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2002)). The trial court granted Green Tree's motion and entered a final order vacating the deed.
H & H Investments claims that its failure to serve Conseco's registered agent did not require the trial court to vacate the tax deed. It argues that notice sent by certified mail to the address contained on the mortgage of record was sufficient service under the Property Tax Code.
Section 22-10 of the Property Tax Code provides that a purchaser shall not be entitled to a tax deed to the property sold unless he gives written notice of the sale and the date of expiration of the period of redemption to the owners, occupants and parties interested in the property. 35 ILCS 200/22-10 (West 2002). Additionally, the purchaser shall give notice of the petition to issue a tax deed by causing it to be published in a local newspaper. 35 ILCS 200/22-15 (West 2002); 35 ILCS 200/22-20 (West 2002). A tax buyer must strictly comply with these notice requirements to obtain a valid deed. In re Application of the County Collector for Judgment and Order of Sale Against the Lands and Lots Returned Delinquent for the Nonpayment of General Taxes for the Year 1987 and Prior Years, 278 Ill.App.3d 168, 214 Ill.Dec. 969, 662 N.E.2d 535 (1996) (D.S. Associates); Farlow v. Oliver, 29 Ill.2d 493, 194 N.E.2d 262 (1963).
Illinois courts have held that where an interested party petitions to vacate a judgment granting a tax deed under section 2-1401, the interested party must prove fraud. Generally, absent fraud, tax deeds issued are uncontestable except on direct appeal. In re Application of the County Treasurer and Ex-Officio County Collector of Cook County Illinois for Judgment and Order of Sale Against the Estate Rendered Delinquent for the Nonpayment of 1980 Taxes, 185 Ill.App.3d 789, 134 Ill. Dec. 218, 542 N.E.2d 397 (1989). However, an allegation of fraud is not always required to successfully challenge a tax deed in a section 2-1401 petition. Under section 22-45(4) of the Property Tax Code, interested parties may also petition to vacate a deed by showing that they were not named as a party in the publication notice under section 22-20, and that the tax buyer did not make a diligent inquiry or effort to serve them with the notices required under section 22-10 through 22-30. 35 ILCS 200/22-45(4) (West 2002). The trial court's judgment may be sustained by a reviewing court on any grounds supported by the record. D.S. Associates, 278 Ill. App.3d 168, 214 Ill.Dec. 969, 662 N.E.2d 535.
In this case, the record is devoid of any evidence that notice by publication was properly made on the owners and other interested parties, including Conseco.
When any notice shall be required by law to be published in a newspaper, the certificate of the publisher is sufficient evidence of the publication. 715 ILCS 5/1 (West 2002). The certificate must be completed by the publisher or an authorized agent, and a written or printed copy of the notice must be included. The certificate must also contain the further certificate of the publisher, or an authorized agent, stating that the newspaper is a newspaper *951 defined by statute. 715 ILCS 5/1 (West 2002).
Here, the certificate of publication contained in the record does not indicate that it was signed by an authorized agent of the newspaper. It does not include a written copy of the publication notice. It does not contain a certificate of the publisher. Further, it was filed with the circuit clerk three months after the tax deed was issued. Accordingly, the certificate of publication fails to meet the statutory requirements and is insufficient evidence of notice by publication.
The record also reveals that H & H Investments failed to make a diligent inquiry or effort to properly serve Conseco with notice.
Section 22-15 of the Property Tax Code provides that if any interest party "upon diligent inquiry and effort cannot be found or served with notice in the county, then the person making the service shall send a copy of the notice by registered or certified mail * * * to that party at his or her residence." 35 ILCS 200/22-15 (West 2002). Section 2-204 of the Code of Civil Procedure states:
"Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204 (West 2002).
This provision applies to foreign as well as domestic corporations. Slates v. International House of Pancakes, Inc., 90 Ill. App.3d 716, 46 Ill.Dec. 17, 413 N.E.2d 457 (1980).
To the extent that the Property Tax Code does not regulate matters of procedure, the Code of Civil Procedure applies. In re Application of the Cook County Collector for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1987 and Prior Years, 271 Ill.App.3d 12, 207 Ill.Dec. 697, 648 N.E.2d 153 (1995) (CNA Tax Investors). The Code of Civil Procedure states that in proceedings in which the procedure is regulated by other statutes, those other statutes control; but Article II of the Code applies to matters of procedure not regulated by other such statutes. 735 ILCS 5/1-108(b) (West 2002).
The Property Tax Code regulates the procedure regarding service of process of a tax deed on an interested party located outside the county. The Property Tax Code, however, refers only to a person's residence as the proper mode of such service. Thus, we must look to the Code of Civil Procedure to determine what is appropriate service on a corporation. Section 2-204 provides that the proper person to serve in a corporation, foreign or domestic, is its registered agent.
In this case, the record shows that H & H Investments failed to make a diligent inquiry to serve Conseco's registered agent in Cook County. A "diligent inquiry" has been defined as "that kind of search or investigation which a diligent person, intent on ascertaining a fact, would usually and ordinarily make." CNA Tax Investors, 271 Ill.App.3d at 15, 207 Ill.Dec. 697, 648 N.E.2d at 156. Procuring Green Tree's out-of-state address from the mortgage document does not constitute a diligent inquiry. See D.S. Associates, 278 Ill.App.3d 168, 214 Ill.Dec. 969, 662 N.E.2d 535. All foreign corporations having the authority to do business in this State must maintain a registered agent on record with the Secretary of State. 805 ILCS 5/5.05 (West 2002). The record fails to demonstrate any efforts by H & H Investments *952 to locate the corporation's registered agent within this state.
The general purpose of a section 2-1401 petition is to alert the court to such facts existing at the time judgment was entered that would have precluded judgment had the court known of those facts. D.S. Associates, 278 Ill.App.3d 168, 214 Ill.Dec. 969, 662 N.E.2d 535. H & H Investments failed to comply with the publication requirement of section 22-20 and the notice requirement of section 22-15. Thus, the trial court properly vacated the order directing issuance of the tax deed under section 22-45(4) of the Property Tax Code.

CONCLUSION
The judgment of the circuit court of McDonough County is affirmed.
Affirmed.
BARRY, J., concurring and McDADE, J., specially concurring in part and dissenting in part.
Justice McDADE, specially concurring in part and dissenting in part:
The majority's conclusion that "the record is devoid of any evidence that notice by publication was properly made on * * * Conseco" (361 Ill.App.3d at 507, 297 Ill. Dec. at 499, 837 N.E.2d at 950) is based exclusively on section 1 of the Notice by Publication Act (715 ILCS 5/1 (West 2002)). I write separately to observe that the certificate of the publisher is not the only or even the best evidence of publication. For example, I would not find insufficient evidence of publication if the publisher provided live testimony rather than completing the certificate of publication, or if witnesses testified that they read the notice in the appropriate paper on five consecutive days, or if authenticated copies of the published notice are filed. I also note that the Notice by Publication Act states only that the certificate of the publisher is sufficient (i.e., "enough" (American Heritage Dictionary 679 (1983))) evidence of publication. See also Haugan v. City of Chicago, 259 Ill. 249, 255, 102 N.E. 185 (1913) ("The affidavit and certificate of publication are merely prima facie evidence, on which the court may or may not have acted in arriving at its finding, in a special assessment proceeding, that it had jurisdiction. There may have been other evidence submitted as to posting and publishing notices").
I also have some concern about Green Tree's argument that this court should find that H & H Investments did not comply with the notice by publication requirements on the grounds H & H Investments used Green Tree's former corporate name in its publication. This argument raises a question as to whether Green Tree's multiple name changes might be subterfuge for avoiding notice when it fails to pay its taxes. Nonetheless, it appears the legislature intended strict compliance with the Notice by Publication Act. H & H Investments failed to provide the certificate of the publisher as required, or any other competent evidence that it complied with the Property Tax Code's notice by publication requirement. I therefore concur with the majority's holding to the extent it finds that H & H Investments provided insufficient evidence of notice by publication because the certificate of publication, which was the only evidence submitted, failed to meet the statutory requirements of the Notice by Publication Act.
I disagree with the majority's conclusion that H & H Investments failed to make a diligent inquiry or effort to properly serve Green Tree with notice. The majority reasoned that, because the Property Tax Code "refers only to a person's residence as the proper mode of such service * * * we must look to [section 2-204 of the Code *953 of Civil Procedure] to determine what is appropriate service on a corporation." 361 Ill.App.3d at 508, 297 Ill.Dec. at 500, 837 N.E.2d at 951.[2] The majority then concluded that service is proper only on the corporation's registered agent. However, the majority admitted that "[t]he Property Tax Code regulates the procedure regarding service of process of a tax deed on an interested party located outside the county." 361 Ill.App.3d at 508, 297 Ill.Dec. at 500, 837 N.E.2d at 951. Therefore, its reasoning must assume that a corporation does not have a residence.
Green Tree does have a residence, and, therefore, H & H Investments' only responsibility under the Property Tax Code (and not the Code of Civil Procedure) was to "cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to [respondent] at [its] residence, if ascertainable." 35 ILCS 200/22-15 (West 2002). Further, Green Tree's "residence" is not limited to the office of its registered agent. For example, under section 2-102 of the Code of Civil Procedure, "[a]ny private corporation * * * is a resident of any county in which it has its registered office or other office or is doing business." (Emphasis added.) 735 ILCS 5/2-102(a) (West 2002). Green Tree does not claim that the address to which H & H Investments mailed notice was not one of its offices or a place where it was doing business. The majority does not cite, nor do I believe exists, any authority that a corporation's sole residence is the office of its registered agent. Accordingly, I would find that H & H Investments proved it provided notice to Green Tree as required by the Property Tax Code.
For the foregoing reasons, I respectfully specially concur in part and dissent in part.
NOTES
[1] At some point prior to filing its petition to vacate, Conseco changed its name back to Green Tree Servicing, LLC.
[2] The Property Tax Code actually refers to a party's residence. Although the majority did not state that it turned from this section of the Property Tax Code to the Code of Civil Procedure because it felt this section excluded corporations, I note that it does not. See 35 ILCS 200/22-15 (West 2002) ("If any owner or party interested, upon diligent inquiry and effort cannot be found or served with notice in the county, then the person making the service shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to that party at his or her residence, if ascertainable").