2024 IL App (1st) 230440-U

No. 1-23-0440

Second Division
August 30, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| VILLAGE OF CALUMET PARK, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 2021 COTD 000432 |
| DOUBLE D VISION DEVELOPMENT/DESTINY FOUNDATION NFP, | ) | Honorable Maureen O. Hannon Judge, Presiding. |
| Defendant-Appellant.[1] | ) | |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's dismissal of appellant's section 2-1401 petition, which sought to vacate the circuit court's order issuing a tax deed to appellee.

---

[1] On the notice of appeal, appellant incorrectly identified itself as the "Respondent-Appellant," despite the fact that appellant was the party who filed the section 2-1401 petition in this action, thereby making it the petitioner. Nonetheless, for our caption, we maintain the party designations as reflected in the notice of appeal.

¶ 2 Several months after the circuit court of Cook County issued a tax deed to appellee Village of Calumet Park, appellant Double D Vision Development/Destiny Foundation NFP (DDVD)[2] filed a petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), requesting that the court's order issuing the tax deed be vacated. On March 3, 2023, the circuit court granted Calumet Park's motion to dismiss the petition pursuant to section 2-615 of the Code (735 ILCS 5/2-615). DDVD appeals therefrom, arguing that the circuit court erred in granting the motion to dismiss because Calumet Park "failed to exercise due diligence to locate and serve the registered agent" as required by the Property Tax Code and Calumet Park's conduct constituted "fraud or deception" under the Property Tax Code. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Preliminarily, we note that DDVD's statement of facts contains errors that cannot be ignored. Illinois Supreme Court Rule 341(h)(6) requires that the statement of facts shall contain those "facts necessary to an understanding of the case, stated *accurately* and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal[.]" (Emphasis added.) Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). As Calumet Park points out, DDVD incorrectly identifies its May 27, 2022 section 2-1401 petition and Calumet Park's corresponding June 10, 2022 combined motion to dismiss as the documents on which the circuit court based its

_____

[2] We initially identify the appellant in this case as it appears on the notice of appeal: "Double D Vision Development/Destiny Foundation NFP." The record below reveals that the original section 2-1401 petition was filed by DDVD, but, on September 6, 2022, a motion for substitution of the section 2-1401 petitioner from DDVD to Destiny Foundation NFP/Destiny Institute was filed. However, the circuit court never ruled on that motion. Even so, in every pleading filed by DDVD going forward, although DDVD is identified in the caption, Destiny Institute NFP/Destiny Institute is identified in the substantive body. Absent any ruling on DVDD's motion to substitute, we recognize the appellant in this matter to be DDVD only and refer to it as such throughout this order.

March 3, 2023 decision. DDVD fails to acknowledge any of the documents that were filed between June 10, 2022, and March 3, 2023, of which there were many. But, specifically, DDVD fails to acknowledge that the circuit court allowed DDVD to file an *amended* section 2-1401 petition on September 8, 2022, and subsequently Calumet Park filed a motion to dismiss the *amended* petition on September 28, 2022. The circuit court reviewed those documents, as well as the parties' respective response and reply, in dismissing DDVD's complaint. DDVD never acknowledged its amended petition anywhere in its brief. Despite Calumet Park pointing out these errors, DDVD failed to file a corrected brief or a reply in this court to correct its statement of facts. As a result, DDVD has knowingly filed and left uncorrected a non-compliant brief with this court. Not only has DDVD failed to provide an accurate statement of facts but has also failed to provide citations to the record for numerous factual assertions, also in contravention of the rules. See Ill. S. Ct. R. 341(h)(6).

¶ 5       Our supreme court rules are not merely aspirational; they carry the force of law. *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 447 (2008). When procedural violations hinder our review on appeal, we may exercise our discretion and strike the statement of facts or, in rare cases, dismiss the appeal entirely. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 9. Although DDVD's brief is severely lacking, we decline to dismiss this appeal. The record is not so complex as to hinder our review, and Calumet Park has provided this court with an accurate statement of facts. However, we will disregard the non-compliant portions of DDVD's statement of facts and we consider only the appropriate pleadings in our review.[3] As such, what follows is an accurate summary of the proceedings in this case.

_____

[3] We also note that in setting forth its jurisdictional statement, DDVD failed to include any dates; rather, there were simply question marks in place of dates. Despite asserting that its notice of appeal was timely filed, there were no corresponding dates to support that assertion. This is yet another clear

¶ 6     On May 11, 2021, Calumet Park filed a petition for tax deed as to the property located at 1139 West Vermont Avenue, Calumet Park, Illinois. According to the petition, on July 12, 2019, the subject property was sold at the 2019 Scavenger Sale, and a certificate of purchase was issued to Cook County and subsequently assigned to Calumet Park. Further, the property had not yet been redeemed from the tax sale and the redemption was set to expire on October 12, 2021.

¶ 7     On May 18, 2021, the circuit clerk of Cook County issued a notice of sale for delinquent taxes, which advised that the redemption period would expire on October 12, 2021. Based on Calumet Park's search of the public record, this notice was addressed to a number of individuals and entities associated with the subject property's mailing address: Deshon McDuffie a/k/a Deshon Doty; NYSA Consulting Group; Destiny Decorators; International Word Outreach Ameliorated Wealth of Wisdom a/k/a A Wealth of Wise; and Occupant. Notice was also sent to Destiny Institute, formerly known as Destiny Foundation N.F.P., c/o Daniel McDuffie, at 9615 South Bell Avenue, Chicago, Illinois, and Destiny Foundation N.F.P. at P.O. Box 289161, Chicago, Illinois. There were also affidavits of service from the Cook County Sheriff's Office pertaining to each named entity or individual, each of which showed that no contact was made. The sheriff's office also attempted service by certified mail. The filed certified mail documents showed that they were returned to sender and most included the notation "Attempted – Not Known"; however, one which was addressed to the subject property stated "Vacant." A notice of the sale, which included the names of the same entities and individuals, was also published in the Chicago Tribune on May 24, 25, and 26, 2021.

---

violation of our supreme court rules, demonstrating counsel's carelessness in filing documents in this court. See Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020). This statement of jurisdiction also failed to include the requisite citations to the record. *Id.* Nonetheless, the record demonstrates that the notice of appeal was timely filed and there is no issue as to jurisdiction in this case.

¶ 8    Additionally, the record includes an affidavit from Martin Corona, an agent and building commissioner for Calumet Park. Therein, Corona averred that he inspected the property multiple times from July 12, 2019 to August 2021 and, based on his inspections, he found the property to be vacant.

¶ 9    On October 14, 2021, Calumet Park filed an application for an order directing the county clerk to issue a tax deed for the subject property. The documents above relating the methods of notification were attached.

¶ 10    On November 10, 2021, a prove-up hearing was held. At the hearing, counsel for Calumet Park noted that one of their exhibits was a search from North American Title Company, showing that Daniel McDuffie transferred the property deed to Destiny Foundation NFP in 2006. Further, Calumet Park listed the interested parties, including Destiny Institute, formerly known as Destiny Foundation NFP; Daniel McDuffie; International World Outreach; and Deshon McDuffie (also known as Deshon Doty). The court stated that Calumet Park did a "nice job" of setting out the interested parties and the sheriff's service returns. The court noted that anyone who the sheriff was unable to personally serve, he also sent the notice via certified mail to those parties, "which is what he is supposed to do under the statute." Calumet Park also pointed out that the exhibits included the circuit court clerk's certificate of mailing dated May 18, 2021, and a copy of the certificate of publication made on May 24, 25, 26, 2021, through the Chicago Tribune. The court took the application under advisement.

¶ 11    On November 24, 2021, the circuit court entered an order issuing the property's tax deed to Calumet Park. The court found that the redemption period had expired and all notices required by law were served in the manner and within the time required by the Property Tax Code upon the persons entitled to such notice.

¶ 12    On December 14, 2022, Calumet Park recorded the tax deed.

¶ 13    On May 13, 2022, Daniel McDuffie filed a *pro se* motion to vacate the tax deed. That motion was later stricken.

¶ 14    On May 27, 2022, McDuffie filed a *pro se* section 2-1401 petition to vacate the court's tax deed order on behalf of DDVD. This petition identified DDVD as an Illinois corporation with a registered address at the subject property and owner of the property prior to October 12, 2021. The petition identified DDVD's corporate officers as Daniel McDuffie with an address of 9615 South Bell Avenue, Calumet Park, Illinois, and Florista McDuffie with an address of 11338 South Wentworth Avenue, Chicago, Illinois. The petition asserted that DDVD never received any tax sale notice and Calumet Park failed to strictly comply with the notice mandates of the Property Tax Code.

¶ 15    On June 10, 2022, Calumet Park filed a section 2-619.1 combined motion to dismiss DDVD's section 2-1401 petition.

¶ 16    Subsequently, private counsel filed an appearance on behalf of DDVD.

¶ 17    On September 6, 2022, DDVD filed a number of motions. First, DDVD filed a motion for extension of time and for substitution of the section 2-1401 petitioner from DDVD to Destiny Foundation NFP/Destiny Institute. Second, DDVD filed a motion for leave to file an amended section 2-1401 petition.

¶ 18    On September 8, 2022, the circuit court granted DDVD leave to file an amended section 2-1401 petition. However, the court's order did not address the motion to substitute petitioners.

¶ 19    The amended petition, titled "Objections to entry of order directing the county clerk to issue tax deed pursuant to 735 ILCS 5/2-1401," identified Destiny Foundation NFP as the section 2-1401 petitioner in the action. The petition alleged that notice was required on "Destiny Institute

NFP" care of Daniel McDuffie, its registered agent, at 9615 South Bell Avenue, Chicago, Illinois, and the petitioner did not receive "notice of these proceedings despite having been the registered agent of an entity with a recorded ownership interest in the property." Further, the returns of service from the sheriff "strongly suggest[ed] a lack of diligence" on Calumet Park's part. Finally, because Calumet Park did not make additional attempts to contact McDuffie after the initial attempts at service failed to notify him, "the property owner was denied their due process rights to adequate notice[.]" The only document attached to the petition was Calumet Park's application for tax deed.

¶ 20   On September 28, 2022, Calumet Park filed a section 2-619.1 combined motion to dismiss the amended section 2-1401 petition. As to section 2-619, Calumet Park asserted that DDVD did not have standing because it had no recorded ownership interest in the subject property. Additionally, Calumet Park attached a copy of a public record search, which showed that Destiny Institute or Destiny Foundation NFP was an inactive corporation and had not existed since 2013. Thus, Destiny Foundation also did not have standing.

¶ 21   As to section 2-615, Calumet Park argued that the amended section 2-1401 petition failed to plead due diligence and a meritorious defense and failed to plead facts sufficient to bring the claim within a valid cause of action. In particular, Calumet Park asserted that the section 2-1401 petition was "devoid of any allegation" that would support a claim of fraud or deception under section 22-45(3) of the Property Tax Code; section 22-45(4) of the Property Tax Code was not applicable because Destiny Foundation NFP, Destiny Institute, and Daniel McDuffie were all named in the party publication notice; and "[d]ue process does not require actual notice."

¶ 22   On January 23, 2023, DDVD filed a response, arguing that the documents attached to Calumet Park's application "display a failure to provide notice and misrepresentation to this Court." Specifically, the representations made to the court "that the property was vacant *** were

not true" as Yasmeen[4] Sturdivant was a tenant of the subject property when Calumet Park applied for a tax deed. For support, the eviction court documents for Sturdivant were attached to the response, showing that an eviction order for "Yasmeen Sturdivant, International Word Outreach Ministry, NFP, and all unknown occupants" at the subject property was entered on February 3, 2021. Also attached was an affidavit from McDuffie, in which he averred that he was the registered agent for Destiny Institute and did not receive notice by hand delivery or mail of the proceedings involving the subject property.

¶ 23    On January 31, 2023, Calumet Park filed a reply, contending that DDVD made new arguments in its response that were not in its amended petition, *i.e.* that the property was not vacant and Calumet Park committed fraud in alleging to the court that it was vacant. Calumet Park also argued that the new exhibits attached to the response should not be considered by the court.

¶ 24    On March 3, 2023, the circuit court conducted a hearing on the motion to dismiss. No transcript of that hearing, or an acceptable alternative, appears in the record. See Ill. S. Ct. R. 323(a), (c), (d) (providing that the appellant must file a report of proceedings, a bystander's report, or an agreed statement of facts). Following the hearing, the circuit court granted Calumet Park's motion to dismiss DDVD's amended section 2-1401 petition pursuant to section 2-615.

¶ 25    On March 7, 2023, "Double D Vision/Destiny Foundation NFP" filed a notice of appeal. On March 23, 2023, DDVD filed a motion to stay pending appeal. On April 24, 2023, the circuit court denied the motion to stay enforcement of the judgment pending appeal. On July 18, 2023, Calumet Park filed a motion to dismiss this appeal, and on August 11, 2023, a different panel of this court denied that motion.

---

[4] DDVD spells the individual's name "Yasmine" in its response, but it is spelled "Yasmeen" in the eviction documents.

¶ 26                            II. ANALYSIS

¶ 27    On appeal, DDVD argues that the circuit court erred in granting Calumet Park's motion to dismiss because Calumet Park "failed to exercise due diligence to locate and serve the registered agent" as required by the Property Tax Code and Calumet Park's conduct constitutes "fraud or deception" under the Property Tax Code. In response, Calumet Park contends that DDVD failed to allege facts supporting all the necessary elements for a section 2-1401 petition for relief from judgment and DDVD also failed to allege facts that support one of the limited grounds for relief in the Property Tax Code.

¶ 28    We first review the standard governing our review of the circuit court's grant of Calumet Park's motion to dismiss. A motion to dismiss pursuant to section 2-619.1 of the Code allows a party to combine a section 2-615 motion to dismiss with a section 2-619 motion to dismiss. 735 ILCS 5/2-619.1 (West 2022); *Grassroots Collaborative v. City of Chicago*, 2020 IL App (1st) 192099, ¶ 21. A section 2-615 motion challenges the sufficiency of the pleading, whereas a section 2-619 motion asserts that an affirmative matter outside the pleading defeats the causes of action raised therein. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9. In reviewing a dismissal pursuant to either section 2-615 or 2-619 of the Code, we must accept all well-pleaded facts and any reasonable inferences arising therefrom as true. *In re Application for a Tax Deed*, 2021 IL 126150, ¶ 17. We review *de novo* the circuit court's dismissal on a section 2-619.1 motion, regardless of whether the dismissal was based on section 2-615 or section 2-619. *Kennedy v. City of Chicago*, 2022 IL App (1st) 210492, ¶ 16. Accordingly, we may affirm the court's judgment on any basis supported by the record, regardless of the court's reasoning. *Id.* Additionally, because our review is *de novo* and based on the pleadings, the lack of a transcript of the March 3, 2023, hearing does not affect our review.

¶ 29    In its brief, DDVD generally asserts, without reference either to Calumet Park's section 2-619.1 motion to dismiss, its own section 2-1401 petition, or to any of the governing principles thereof, that Calumet Park failed to exercise due diligence in notifying interested parties of the tax sale and its conduct constituted "fraud or deception" under section 22-45(3) of the Property Tax Code (35 ILCS 200/22-45(3) (West 2022)). Although not expressly stated in its brief, DDVD apparently takes the position that its section 2-1401 petition set forth a meritorious defense and sufficiently alleged the facts necessary to support one of the grounds of relief under section 22-45, namely fraud or deception under subsection (3). Because we understand DDVD's sole argument on appeal as a challenge to the circuit court's dismissal of the petition pursuant to section 2-615, we begin there.

¶ 30    As stated, a section 2-615 motion attacks defects in the pleading. 735 ILCS 5/2-615. Further, "[a] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *New Holy Temple Missionary Baptist Church v. Discount Inn, Inc.*, 371 Ill. App. 3d 443, 445 (2007). "A reviewing court should disregard any conclusions of fact or law not supported by allegations of specific fact." *In re County Treasurer and ex officio County Collector of Cook County*, 2023 IL App (1st) 220070, ¶ 22. Ultimately, the relevant inquiry here is whether the allegations in the section 2-1401 petition, considered in a light most favorable to DDVD, are sufficient to state a cause of action upon which relief can be granted. See *Board of Directors of Bloomfield Club Recreation Ass;n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). To make that determination, we must first review the relevant portions of the Property Tax Code.

¶ 31    The Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2022)) governs the issuance of tax deeds. Once the circuit court has issued a tax deed, pursuant to the Property Tax Code, it is

incontestable except by direct appeal from the order directing the entry of the tax deed, by a motion for relief under section 2-1203, or by petition pursuant to section 2-1401. 35 ILCS 200/22-45; see *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 429 (2010) ("The legislature intended a tax deed, once it is issued, to be virtually incontestable."). Relevant here is a contest of a tax deed via a section 2-1401 petition.

¶ 32       Section 2-1401 provides that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2022). Its purpose is to alert the circuit court to any facts that, if known at the time, would have precluded entry of the judgment. *Lofendo v. Ozog*, 118 Ill. App. 3d 237, 240-41 (1983). To prevail on a section 2-1401 petition to vacate, the moving party must establish that it: (1) was diligent in presenting its 2-1401 petition; (2) was diligent in presenting its defense; and (3) had a meritorious defense. 735 ILCS 5/2-1401 (West 2022); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Each element must be proven by a preponderance of the evidence. *Id.* at 221. The petition must also be supported by affidavit or other appropriate showing as to matters not of record. 735 ILCS 5/2-1401(b) (West 2022).

¶ 33       Where the party is seeking relief from the issuance of a tax deed through a section 2-1401 petition, only four grounds for relief are available:

"(1) proof that the taxes were paid prior to the sale;

(2) proof that the property was exempt from taxation;

(3) proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth

in Section 22-20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30."

35 ILCS 200/22-45 (West 2022). Our supreme court has made it clear that the limitations contained in subsections (1) through (4) of section 22-45 must be carefully adhered to, as they represent "the careful balance the legislature has crafted between the competing policies of allowing collateral review in limited circumstances on the one hand and of honoring the finality and marketability of tax deeds on the other hand." *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 32.

¶ 34   Here, there is no dispute that subsections (1) and (2) of section 22-45 are inapplicable as the taxes delinquent on the subject property were $86,952.95 and they were not exempt. See 35 ILCS 200/22-45(1), (2). Additionally, DDVD does not make any claim regarding subsection (4) in its brief before this court, and as such we consider any argument as to that subsection forfeited. See Ill. S. Ct. R 341(h)(7) (Oct. 1, 2020) (arguments not raised in appellate brief are forfeited). In any case, the record shows that the publication notice included all the individuals and entities in this action claiming to not have received notice, namely Daniel McDuffie, Destiny Foundation NFP, and Destiny Institute. Because there is no proof, nor any argument, that anyone with a recorded interest in the subject property was not named in the publication notice, that ground for relief is not available to DDVD. See *DG Enterprises*, 2015 IL 118975, ¶ 26 (where there was no proof that anyone who held an interest in the property was not named in the publication notice, subsection (4) of section 22-45 was not applicable).

¶ 35   This leaves subsection (3), which provides that there must be clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser. DDVD

asserts that Calumet Park's conduct constituted fraud or deception under subsection (3) of section 22-45. Thus, the issue before this court is whether DDVD's section 2-1401 petition sufficiently stated a claim of fraud or deception such that the circuit court's order issuing the tax deed should be vacated.

¶ 36    For the following reasons, we find that DDVD's specific factual allegations in its section 2-1401 petition were insufficient to entitle it to relief.

¶ 37    First, DDVD has failed to demonstrate that there is a meritorious defense to the circuit court's tax deed order, or stated another way, DDVD has failed to allege sufficient facts to support a claim that Calumet Park procured the tax deed through fraud or deception.

¶ 38    DDVD devotes the entirety of its brief on appeal to the issue of fraud or deception. DDVD claims that the tax deed was procured by fraud or deception because Calumet Park's agent erroneously informed the court that the property was vacant, despite DDVD's submitted eviction documentation which demonstrates that Sturdivant was living at the property. Further, DDVD contends that Calumet Park's assertion to the circuit court that it exercised diligence in notifying all of the interested parties in the subject property was also evidence of fraud or deception.

¶ 39    The problem for DDVD, however, is that it did not make any of these claims of fraud or deception in its amended section 2-1401 petition. The amended petition simply stated that "there was no service" on Destiny Institute NFP or McDuffie "despite having been the registered agent of an entity with a recorded    ownership interest in the property" and "[w]hen the registered agent was not served by the Sheriff[,] there were no attempts to contact him whatsoever." Based on that, "the property owner was denied their due process rights to adequate notice and diligence was not done in this case." That is the extent of the factual allegations against Calumet Park. There was no claim of fraud or any argument that, contrary to Calumet Park's assertions, the property was

occupied. Because the defense of fraud was not raised in the petition, DDVD is not entitled to relief on that basis. Additionally, lack of diligence in notification by itself is not one of the four grounds for relief under section 22-45. See *DG Enterprises*, 2015 IL 118975, ¶ 32 ("[I]f the legislature had meant to provide a separate ground for a collateral attack based solely on the lack of diligent inquiry and effort in serving notices, it would have crafted a subsection (5) to section 22-45.").

¶ 40    Even if DDVD had raised the defense of fraud or deception based on the eviction proceedings and lack of diligence in its petition, we would still conclude that there were insufficient facts to allege a meritorious defense. A petitioner establishes a meritorious defense when he "allege[s] facts that would have prevented entry of the judgment if they had been known by the trial court." *Blutcher v. EHS Trinity Hospital*, 321 Ill. App. 3d 131, 136 (2001). In the context of a tax proceeding, fraud has been defined as " 'a wrongful intent—an act calculated to deceive.' " *In re Application of the County Treasurer of Cook County*, 92 Ill. 2d 400, 405 (1982) (quoting *Dahlke v. Hawthorne Lane & Co.*, 36 Ill. 2d 241, 245 (1966)). This court, however, has broadly defined fraud such that "[t]he failure to inform the court of any facts that might change the court's ruling can amount to fraud for purposes of vacating tax deeds." *In re Application of the County Treasurer (HomeSide Lending, Inc. v. Midwest Real Estate Investment Co.)*, 347 Ill. App. 3d 769, 781 (2004).

¶ 41    Here, in its response to the motion to dismiss, DDVD submitted eviction documents showing that an eviction order was entered on February 3, 2021, to evict "Yasmeen Sturdivant, International Word Outreach Ministry, NFP, and all unknown occupants" from the subject property. Also included was an eviction unit affidavit from the sheriff's office stating that, when deputies executed the eviction, they found "that the owner had a locksmith remove the locks and

enter[ed] the unit[.]" Based on this, DDVD argues that Calumet Park's agent's affidavit stating that the subject property was vacant was a fraud upon the court.

¶ 42    However, the notifications of tax sale were all mailed at the end of May 2021, months after the eviction occurred, and therefore, the property could very well have been vacant at that time and when the sheriff attempted personal service. Such a conclusion is also supported by the notations on the certified mail envelope that was sent to "International Word Outreach Ameliorated Wealth of Wisdom" at the subject property. That envelope was stamped: "Return to Sender[,] Vacant[,] Unable to Forward" and the stamp was dated June 3, 2021. In any case, evidence of eviction proceedings does not affirmatively rebut the assertion that the property was vacant. Sturdivant could have abandoned the property many months earlier, which, based on the record, appears to be the more likely scenario. The sheriff's affidavit for the eviction suggests that the property was already vacant because, when the deputies arrived, the owner had already removed the locks and was in possession of the property. For these reasons, we do not find that DDVD's allegations of fraud based on the eviction proceedings are sufficient to state a meritorious defense.

¶ 43    Additionally, DDVD's contention that Calumet Park's failure to exercise diligence in notifying the interested parties is similarly without merit as the statutory requirements for notice under the Property Tax Code were, without a doubt, satisfied in this case. Briefly, the Property Tax Code requires that a tax purchaser give notice of the tax sale and the date of expiration of the redemption period to all owners, occupants, and parties interested in the property See ILCS 200/22-10 (West 2022). That notice shall be given by newspaper publication, shall be served by a sheriff by leaving a copy with those owners personally, and if an interested party cannot be served, then a copy of the notice shall be sent by registered or certified mail to the party at their residence. See 35 ILCS 200/22-10, 22-15, 22-20. Notice must also be given by certified mail through the

county clerk. See 35 ILCS 200/22-25. For a private corporation, the notice should be served on the registered agent and the corporation may also be notified by publication and mail. See 35 ILCS 200/22-15; 735 ILCS 5/2-204.

¶ 44    There cannot be any real dispute that these requirements were not satisfied in this case where the record shows that a list of interested parties, gathered from Calumet Park's public record search, were sent the notice in the mail by the county clerk and by certified mail by the sheriff. Additionally, the notice was published in the Chicago Tribune for three days with all interested parties named, and the sheriff's office also attempted personal service at each address listed. The fact that no one was present to receive those notices or that the mailed notices were returned to sender does not refute that Calumet Park complied with notification requirements nor does it render Calumet Park's assertions of compliance to the circuit court fraudulent.

¶ 45    Even still, DDVD claims that it did not receive actual notice of the tax proceedings. However, DDVD has also never asserted that any of the named interested parties or their associated addresses were incorrect. Throughout the record, DDVD has reiterated time and again that McDuffie is the registered agent for Destiny Foundation NFP or Destiny Institute and that his address is 9615 Bell Avenue, which was clearly identified as one of the addresses to which notice should be sent. And, in fact, notice was mailed to that address and the sheriff attempted personal service at that address as well. The attempts at contacting McDuffie at that address are well-documented in the record. Incredibly, DDVD states in its brief that Calumet Park "ignore[ed] information regarding the registered agent's whereabouts"; however, DDVD has never claimed that this "registered agent," presumably McDuffie, should have been served at any address other than the one listed above. Regardless, the United States Supreme Court has reiterated that "[d]ue process does not require that a property owner receive actual notice before the government may

take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006); see also *id.* at 228 n. 2 (listing with approval several statutory schemes, including the notice provisions of Illinois' Property Tax Code). Rather, a requirement for the tax purchaser to ensure actual notice on an interested party would be "impractical" and would effectively allow an owner or occupant to prevent a tax purchaser "from ever obtaining a tax deed by simply avoiding personal service." *In re County Treasurer*, 2015 IL App (1st) 133693, ¶ 43. As such, we disagree with DDVD's assertion that actual notice is required, and further, we cannot say that Calumet Park failed to exercise diligence in notifying Destiny Foundation NFP, Destiny Institute, or McDuffie of the tax sale.

¶ 46    Nonetheless, DDVD relies on a number of appellate court cases where, according to DDVD, this court found that a tax purchaser's "failure to exercise diligence in serving notice *** constituted sufficient basis to vacate a tax deed." See *Application of Cook County Collector*, 228 Ill. App. 3d 719, 734 (1991); *Matter of County Collector*, 219 Ill. App. 3d 396 (1991); *In re Tax Deed Petition of Thomas*, 225 Ill. App. 3d 861 (1992); *Application of County Collector*, 278 Ill. App. 3d 168 (1996). None of these cases are directly on point. The first three cases involved a failure to comply with the statutory requirement of notification to the actual owners. That is not the issue here as DDVD has not made any assertion that Calumet Park's list of interested parties was incorrect or incomplete. *Application of County Collector*, 278 Ill. App. 3d 168 (1996), is also distinguishable. There, this court determined that the tax purchaser failed to comply with the statutory requirements for notice and thus, when the tax purchaser represented to the trial court that it *had* satisfied the statutory notice requirements, that constituted fraud. *Id.* at 174. We first note that the statutory requirements which govern the proceedings now before us are no longer the same as they were in the 1996 tax collector case. Regardless, the facts are distinct in that, here, Calumet Park represented that it had complied with the notice provisions of the Property Tax Code

and a review of the record shows that it *actually had* complied with those provisions. None of these cases persuade us that DDVD has sufficiently alleged fraud or deception, and thus, DDVD's 2-1401 petition is insufficient to state a cause of action.

¶ 47    Although DDVD's brief is devoid of any legal analysis of the remaining requirements for a section 2-1401 petition, in the interest of completeness, and to avoid any lingering doubt with respect to the appropriate outcome here, we nonetheless address them.

¶ 48    Section 1401(b) requires that the petition be supported by an affidavit or appropriate showing as to matters not of record. See 735 ILCS 5/2-1401(b). Contrary to the statutory requirement, the only accompanying documentation to support DDVD's alleged defense of fraud or deception was Calumet Park's own tax deed application, which was already part of the record. As stated, the purpose of a section 2-1401 petition is to bring before the circuit court facts not appearing in the record which, if they had been known to the court at the time the judgment was entered, would have prevented the judgment. *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 283 (1982). Without supporting documentation of facts not of record, the petition fails to serve its intended purpose. Of course, later, in response to the motion to dismiss, DDVD claimed that its defense of fraud or deception was supported by eviction proceedings involving the subject property, which allegedly showed that it was not in fact vacant. However, those eviction documents were not attached to the 2-1401 petition and DDVD made no efforts to further amend the petition to include the documentation. Even if they had been attached, as we have explained, the eviction proceedings do not support DDVD's claim of a meritorious defense. Thus, where DDVD's petition failed to base its meritorious defense upon issues which were not apparent from the record, we cannot find that DDVD met the pleading requirements of section 2-1401.

¶ 49 Finally, DDVD fails to satisfy the requirement of pleading due diligence in its section 2-1401 petition. Section 22-45 generally incorporates the requirements of section 2-1401, stating that relief may be had under section 2-1401 "in the same manner and to the same extent as may be had" under that section "with respect to final orders and judgments in other proceedings." 35 ILCS 200/22-45 (West 2022). Thus, DDVD is subject to the traditional due diligence requirements associated with a section 2-1401 petition as well as limited to the four grounds for relief under section 22-45. See *In re County Collector*, 2016 IL App (3d) 150712, ¶ 19. The due diligence requirements are only waived where the section 2-1401 petitioner alleges that the underlying order is void, which is not the case here. *Id.* ¶ 23. DVDD was therefore required to show that it was diligent in both presenting its 2-1401 petition and in presenting its defense. See *Smith*, 114 Ill. 2d at 220-21.

¶ 50 Due diligence requires that the petitioner had some reasonable excuse for "failing to act within an appropriate amount of time." *Smith*, 114 Ill. 2d at 222. "No bright-line rule exists for judging whether a petitioner has acted diligently. Rather, due diligence is judged by the reasonableness of the petitioner's conduct under all of the circumstances." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99-100 (2006). Relaxation of this requirement is "justified only under extraordinary circumstances." *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60 (2005).

¶ 51 DDVD has failed to argue on appeal that it was diligent in filing its petition and presenting its defense. Nonetheless, the record shows that at no point did DDVD allege due diligence in its petition. Once again, DDVD only addressed this requirement after Calumet Park raised the issue in its motion to dismiss. DDVD's response contains a bare assertion that it "was unaware of the Tax Deed proceedings as notice was not provided as required by the statute" and it "acted diligently

after learning of the Tax Deed proceedings." An assertion in a response to a motion to dismiss does not bring the section 2-1401 petition into compliance with the requirements, and no attempt to further amend the petition was made. In any case, the assertions in DDVD's response are conclusory. See *McLean v. Rockford County Club*, 352 Ill. App. 3d 229, 232 (2004) (for a section 2-615 motion to dismiss, all well-pleaded facts are taken as true but legal and factual conclusions should be disregarded). DDVD fails to explain when and how it was made aware of the tax proceedings, presumably because it would then negate its claim of fraud or lack of notice. Absent such information in the record, we cannot assume that DDVD's inaction was excusable, and therefore, no due diligence has been shown. See *In re County Treasurer and Ex-Officio County Collector of Cook County*, 386 Ill. App. 3d 906, 910-11 (2008) (where the petitioner waited five years to contest the tax deed judgment, the court found that the petitioner had not shown due diligence, stating "[i]t is unclear from the record when the petitioner first became aware or should have become aware of the defective notice of which he now complains.").

¶ 52     Moreover, we would not consider these to be extraordinary circumstances warranting relaxation of the due diligence requirement. Courts have only relaxed this requirement "where it is necessary to prevent an *unjust* entry of default judgment or where there is unconscionable conduct by the opposing party that would require that the due diligence requirement be relaxed." (Emphasis in original.) *Gonzalez v. Profile Sanding Equipment, Inc.*, 333 Ill. App. 3d 680, 686 (2002). Neither of those are applicable here. As we have explained, Calumet Park complied with the statutory requirements for notice, DDVD's lack of actual notice of the tax proceedings did not constitute a violation of due process, and DDVD failed to sufficiently allege any fraud upon the circuit court. Because we do not consider this case to involve extraordinary circumstances justifying relaxation of the due diligence requirements, we similarly reject DDVD's plea for this

court to invoke its equitable powers to vacate the tax deed. Section 2-1401 "is not intended to relieve a litigant of the consequences of his own mistake or negligence." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 38. Under these circumstances, any other outcome here would grant relief for DDVD's own mistake or negligence.

¶ 53 In sum, DDVD's section 2-1401 petition does not contain any of the requisite factual allegations or documentation to support a request for relief from the circuit court's issuance of the tax deed. DDVD's improper attempts to supplement its petition through its response to Calumet Park's motion to dismiss do not resolve the glaring deficiencies in its petition. See *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452 (1995) ("[F]actual deficiencies [of a pleading] may not be cured by liberal construction"). Accordingly, we conclude that the circuit court's dismissal of DDVD's section 2-1401 pursuant to section 2-615 was correct. See *In re Application of the County Treasurer and ex Officio County Collector*, 2015 IL App (1st) 133693, ¶ 22 ("A petition failing either factual or legal sufficiency should be dismissed.").

¶ 54                                   III. CONCLUSION

¶ 55 For the reasons stated, we affirm the judgment of the circuit court.

¶ 56 Affirmed.